ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} N.V.,[1] the father (father), appeals the decision of the Cuyahoga County Juvenile Court denying his motion to vacate its grant of custody of his now nine-year-old son. The father argues that the trial court violated both his and the child's due process rights by failing to name him on the petition for custody, serve him with the petition for custody, failing to appoint a guardian ad litem for the child, and by failing to vacate an award of custody to a non-parent without a finding of unsuitability. We agree that the father was not properly named and served, and for the following reasons, we vacate the order awarding custody to the child's maternal grandparents and remand.
 {¶ 2} On April 12, 2001, D.H., mother (mother) of the minor child, petitioned the Cuyahoga County Juvenile Court to award custody of the child to her parents M.H. and G.H. (maternal grandparents). The mother attached to the petition a waiver of a guardian ad litem and a waiver of service for herself and the maternal grandparents. In both the application to determine custody and the agreed journal entry, mother argued, "it is in the best interest of her son that he remain in the care, possession, and custody of her parents." Mother further stated, "the child would benefit emotionally, psychologically, physically, educationally, and financially, if he remained in the care, possession, custody and control of her parents." In both documents, the mother reported that she was unmarried and paternity had not been established.
 {¶ 3} On the same date, mother's attorney walked both the application for determination of custody and the agreed journal entry through to the trial court. The court then signed the agreed journal entry without a hearing, thereby granting custody of A.H. to the maternal grandparents.
 {¶ 4} While A.H. was growing up, the father never denied paternity and maintained a consistent relationship with his child and the child's mother. The relationship with the child's mother continued over the objections of the maternal grandparents. The father briefly disrupted his relationship with the child when he joined the United States Marine Corps. Upon his discharge, however, the father contacted the mother and resumed companionship with the child. In late 2003, the maternal grandparents informed the father that the child no longer wished to see him and that visitation was now over. The maternal grandparents explained that they had the authority to end visitation because they had legal custody of the child.
 {¶ 5} Father contacted the Child Support Enforcement Agency (CSEA) in an attempt to establish paternity. CSEA denied this attempt due to the existing custody case between the mother and the maternal grandparents, Case No. CU01102708. The trial court denied the father's subsequent motions to intervene and to establish paternity. Father then filed a separate action and established paternity, Case No. PR03701914. Father filed a motion to intervene, a motion to vacate the custody order between the mother and maternal grandparents, and a motion to consolidate Case No. CU0112708 with Case PR03701914. The trial court denied all three motions. The father appealed the denial of the motion to vacate, raising three assignments of error. We find father's first assignment of error dispositive.
I. "The trial court erred when it denied appellant's motion to vacate acustody order to a non-parent where petitioners failed to name father orprovide notice of hearing."
 {¶ 6} The standard of review of a Civ.R. 60(B) motion is abuse of discretion. See GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146. To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), "[t]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Richardson v. Grady, (Dec. 18, 2000), Cuyahoga App. Nos. 77381 77403, citing GTE, supra. Though relief from judgment under Civ.R. 60(B) is within the discretion of the trial court, "a trial court abuses its discretion if it denies such relief where the movant has demonstrated all three factors." Richardson, supra, at 8, citing Mount Olive Baptist Church v. Pipkins Paints Home ImprovementCtr., Inc. (1979), 64 Ohio App.2d 285.
 {¶ 7} In demonstrating the three factors under a Civ.R. 60(B) motion, the movant must set forth operative facts which would warrant relief from judgment. BN1 Telecommunications, Inc. v. Cybernet Communications, Inc.
(1997), 118 Ohio App.3d 851. "The movant is not required to submit documentary evidence to support its contention that it can meet the GTE test." Kadish, Hinkle Weibel Co. L.P.A. v. Rendina (1998),128 Ohio App.3d 349, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17. "However, the movant must allege operative facts with enough specificity to allow the court to decide whether it has met that test." Elyria Twp. Bd. Of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, citing Montpoint Properties, Inc. v. Waskowski,
(Apr. 6, 1988), Summit App. No. 13320.
 {¶ 8} In the case at bar, the father has met his burden to warrant relief from judgment. Under the first prong of the GTE test, if this court vacates the grant of legal custody to the maternal grandparents, the father would have a claim for custody since he has established that he cannot be excluded as the father. Supporting this claim and attached to the father's motion to intervene filed jointly with the motion to vacate is the genetic test report and the magistrate's decision establishing paternity.
 {¶ 9} The United States Supreme Court has held that natural parents have a fundamental liberty interest in the care, custody, and management of their children. Santosky v. Kramer (1982), 455 U.S. 745, 753,102 S.Ct 1388. This interest is protected by the Due Process Clause of theFourteenth Amendment to the United States Constitution and by Section16, Article I, of the Ohio Constitution.
 {¶ 10} Id. Additionally, the Ohio Supreme Court has established a rule in custody proceedings between a parent and non-parent under R.C.2151.23(A)(2), which is the statute governing this case. The court held, "a court may not award custody to the non-parent `without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; * * * or that an award of custody to the parent would be detrimental to the child.'" In re Hockstok v. Hockstok et. al., 98 Ohio St.3d 238,2002-Ohio-7208, quoting In re Perales (1977), 52 Ohio St.2d 89. If the court concludes that any one of the above-mentioned circumstances applies, the court may adjudge the parent unsuitable, and the state may infringe upon the parent's fundamental liberty interest of child custody. In re Hockstok, 98 Ohio St.3d at 242. For these reasons, the father has met the first prong of the GTE test.
 {¶ 11} The father has also met his burden under GTE by showing that he is entitled to relief under Civ.R. 60(B)(4). Subsection four entitles a party to relief when "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application." In the current case, the trial court's grant of legal custody to the maternal grandparents can no longer have prospective application. The trial court granted legal custody to the maternal grandparents without conducting a hearing and without notifying the prospective father of the proceedings. Such action is contrary to the fundamental right of a father to parent his child and is violative of a natural parent's due process rights. Santosky,455 U.S. at 754. Accordingly, the trial court erred not only in failing to provide notice to the father, but in failing to conduct a hearing, and in failing to give the father a parental unsuitability determination before awarding custody to the maternal grandparents. In re Hockstok,98 Ohio St.3d at 245. Such a judgment should not continue to have prospective application and, therefore, the father has met the second requirement under Civ.R. 60(B) and GTE, supra.
 {¶ 12} Finally, the father moved to vacate the grant of legal custody to the maternal grandparents within a reasonable time. Though the father did not move to vacate until almost three years had passed, the father was unaware that the trial court had granted legal custody to the grandparents. When the father learned of the grant, which occurred approximately two years after it had been accomplished, he immediately involved himself in the proceedings and established his paternal rights. Under these circumstances, we find that the father moved to intervene within a reasonable time as required by Civ.R. 60(B) and GTE supra.
 {¶ 13} Because the father has established all three requirements under Civ.R. 60(B), the trial court abused its discretion when it failed to vacate the grant of legal custody of the child to its maternal grandparents. We find the father's first assignment of error to have merit. We vacate the order granting custody to the maternal grandparents and remand the case back to the trial court for proceedings consistent with this opinion. We find the remaining assignments of error moot. App. R. 12.
Appendix A: Assignments of Error
 "I. The trial court erred when it denied appellant's motion to vacate acustody order to a non-parent where petitioners failed to name father orprovide notice of hearing.
 "II. The trial court erred when it denied appellant's petitionto vacate an award of custody to a non-parent without appointinga guardian ad litem for the minor child.
 "III. The trial court when it denied appellant's petition to vacate anaward of custody to the non-parent without a finding of parentalunsuitability." 
It is ordered that appellant recover of appellees, D.H./mother and M.H. G.H./maternal grandparents, its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., And Gallagher, J., Concur
[1] This court protects the identity of all parties in Juvenile Court Cases.