OPINION
{¶ 1} Appellant, Amber Quillen, appeals from the decision of the Montgomery County Common Pleas Court Juvenile Division which denied her motion to vacate the court's November 7, 2003 decision granting legal custody of Ms. Quillen's daughter, H.B., to Thomas and Rebecca Cooper, Appellees in this case.
 {¶ 2} Appellant gave birth to H.B. on January 17, 2003. At the time of H.B.'s birth, Appellant was a minor (17 years old) and had a long history of drug and alcohol abuse. After H.B. was born, she was placed in the temporary custody of the Appellees, Thomas and Rebecca Cooper. On June 25, 2003, a hearing was held at which H.B. was adjudicated dependent. On September 16, 2003, the court conducted another hearing to determine who should be granted legal custody of H.B., and at that hearing Appellant consented to legal custody of H.B. being granted to the Coopers. Then, on November 7, 2003, the court journalized a decision awarding legal custody of H.B. to the Coopers.
 {¶ 3} Appellant did not file any objections to the court's decision granting legal custody of H.B. to the Appellees, nor did she file a notice of appeal of that decision. On March 29, 2005, Appellant, pro se, filed a petition with the juvenile court asking it to return legal custody of H.B. to her. In her petition, Appellant asserted that she had turned her life around and now could "financially and emotionally support her [H.B.] the way she needs to be." On May 18, 2005, the juvenile court appointed legal counsel to represent Appellant. Then, on June 8, 2005, Appellant, through counsel, filed a motion to vacate the juvenile court's decision of November 7, 2003, which had granted legal custody of H.B. to the Coopers.
 {¶ 4} On September 22, 2005, a magistrate overruled Appellant's motion to vacate the November 7, 2003 decision granting legal custody of H.B. to the Coopers. Appellant timely filed objections to the magistrate's decision. On October 28, 2005, the trial court overruled Appellant's objections, and adopted the magistrate's decision as that of the court. Appellant timely filed her notice of appeal of that decision with this Court on November 16, 2005.
 {¶ 5} On appeal, Appellant raises two assignments of error. First, Appellant asserts that "The trial court erred to the prejudice of Appellant when it failed to terminate the custody arrangement of H.B. and failed to vacate the November 7, 2003 decision and order of legal custody for procedural reasons." Appellant's second assignment of error is that "The trial court erred to the prejudice of Appellant when it failed to terminate the custody arrangement of H.B. and failed to vacate the November 7, 2003 decision and order of legal custody in violation of Appellant's fundamental due process parental rights."
 {¶ 6} Because this case involves a parent's right to have custody of her child, we point out that the present appeal concerns only whether the juvenile court properly denied Appellant's motion to vacate the November 7, 2003 decision granting legal custody to the Coopers. Whether H.B.'s placement and current custody arrangement should be altered is a separate matter, which the record indicates is a matter still before the juvenile court awaiting final determination.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} Appellant's first assignment of error is that the trial court incorrectly denied the motion to vacate on procedural grounds. Appellant asserts that both the Magistrate and the trial court erred because the motion was made pursuant to Juvenile Rule 36 and Revised Code 2151.417, both of which permit the court to modify or terminate a child custody arrangement. However, Appellant misinterprets those provisions.
 {¶ 8} Both Juvenile Rule 36 and Revised Code 2151.417 permit the court to review a custody arrangement, and then after conducting a hearing, alter the custody arrangement if it is "in the best interest of the child." These provisions both contemplate a change in circumstances since the court's original adjudication of custody. Appellant, however, has appealed from the juvenile court's decision overruling her motion to vacate the court's original order of November 7, 2003, which awarded legal custody to the Coopers. Therefore, Juvenile Rule 36 and Revised Code 2151.417 are inapplicable because the court is required to examine the circumstances at the time it awarded legal custody to the Coopers in 2003, not whether any change of circumstances may have occurred since.
 {¶ 9} We view Appellant's motion to vacate the decision granting legal custody to the Coopers as being most akin to a motion for relief from judgment pursuant to Civil Rule 60(B).See e.g., In re A.H. (March 24, 2005), Cuyahoga App. No. 85132,2005-Ohio-1307 (denial of motion to vacate grant of custody reviewed as a denial of a Civil Rule 60(B) motion). The denial of Appellant's motion is reviewed for an abuse of discretion. GTEAutomatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146. "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at 150-51.
 {¶ 10} Appellant waited almost two years until she filed her motion to vacate, thus the third prong of the Civ.R. 60(B) test is dispositive. Determination of what constitutes a "reasonable time" for filing a Civ.R. 60(B) motion depends on the facts of the case. See Stickler v. Ed Breuer Co. (Feb. 24, 2000), Cuyahoga App. Nos. 75176, 75192 and 75206. Appellant must demonstrate the timeliness of her motion by providing the court with some facts or evidence which would justify the delay. SeeIn re Guardianship of Brunstetter (Dec. 13, 2002), Trumbull App. No. 2002-T-0008, 2002-Ohio-6940.
 {¶ 11} Appellant failed to timely file objections to the November 7, 2003 decision, and did not file an appeal of that decision to this Court. Almost two years elapsed between the time of the juvenile court's decision and Appellant's motion to vacate that decision. Appellant fails to provide any justification for the delay in her filing of the motion to vacate. In this instance, we agree with the juvenile court that Appellant fails to satisfy the reasonable time requirement under the third prong of the Civ.R. 60(B) test. Therefore, the juvenile court's decision denying the motion to vacate the November 7, 2003, grant of legal custody was not an abuse of discretion. Accordingly, Appellant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 12} Appellant's second assignment of error is that the juvenile court erred by denying her motion to vacate because the order of November 7, 2003, violated Appellant's fundamental due process parental rights. Appellant points out four instances where her fundamental rights were violated by the actions of the Magistrate in 2003. In particular, Appellant asserts that: (1) it was plain error for the Magistrate to accept consent to a disposition of legal custody from an unemancipated, incompetent minor; (2) it was plain error when the Magistrate failed to specifically inform Appellant of her legal rights; (3) the summons issued to Appellant failed to state the permanent nature of legal custody, which resulted in plain error; and (4) it was plain error for the Magistrate to proceed with the disposition hearing when neither Children's Services ("CSB") nor the Appellees had standing to seek legal custody of H.B.
 {¶ 13} If plain error did occur, it permits Appellant to prevail despite her failure to timely object or file a notice of appeal of the November 7, 2003 decision. The plain error doctrine is a general exception to waiver, and although rooted in criminal law, is also applied in proceedings that involve parental rights.See In re Etter (1998), 134 Ohio App.3d 484, 492. Because a parent's right to custody of his or her child is considered "paramount" the parents' rights are to be given "every procedural and substantive protection the law allows." Id. quoting In reHayes (1997), 79 Ohio St.3d 46, 48. A plain error is an: "[O]bvious error prejudicial to a [parent], neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects `the fairness, integrity or public reputation of judicial proceedings.' (Footnotes omitted.)"State v. Craft (1977), 52 Ohio App.2d 1, 7 (quoting UnitedStates v. Atkinson (1936), 297 U.S. 157, 160.)
 {¶ 14} Appellant asserts that "[i]t was plain error for Magistrate Wilhelm to accept the supposed consent of an unemancipated, incompetent minor to a disposition of legal custody. . . ." Appellant fails to cite a single case or statute in support of her position. However, we conclude that Appellant's consent to the award of legal custody of H.B. to the Coopers, while she was a minor, does not rise to the level of plain error for two reasons.
 {¶ 15} First, R.C. 2151.353, which governs the disposition of dependent children, provides, in part, that "[i]f a child is adjudicated an abused, neglected, or dependent child, the court may . . . Award legal custody of the child to either parent or to any other person. . . ." (Emphasis added). The statute does not require the consent of the parent in order to award a person, other than the parent, legal custody of a child; it only requires that the child be adjudicated dependent. Furthermore, R.C.2151.04 provides the definition of a "dependent child," and the statute does not require the juvenile court to obtain parental consent before it adjudicates a minor child dependent. Therefore, it was not plain error for the Magistrate to accept the consent of Appellant while she was a minor. The court would have been permitted to make a disposition of legal custody even if Appellant had specifically objected to the court's decision.
 {¶ 16} Second, at all relevant times during the proceedings before the juvenile court, Appellant was represented by both her guardian ad litem and an attorney. R.C. 2151.281(C) provides that "[i]n any proceeding concerning an alleged or adjudicated delinquent, unruly, abused, neglected, or dependent child in which the parent appears to be mentally incompetent or is undereighteen years of age, the court shall appoint a guardian ad litem to protect the interest of that parent." (Emphasis added). At both the June 25, 2003 hearing, when H.B. was adjudicated dependent, and the September 16, 2003 hearing, when legal custody of H.B. was awarded to the Coopers, Appellant's attorney and guardian ad litem were present. Thus, we conclude that Appellant's interests were adequately protected, and the Magistrate did not commit plain error by accepting the consent of an unemancipated minor before awarding legal custody of H.B. to the Coopers.
 {¶ 17} Appellant also asserts that the Magistrate committed plain error because she did not "inform Appellant of her legal rights and the permanent consequences of the legal custody order." We disagree.
 {¶ 18} As previously mentioned, Appellant was represented by both counsel and a guardian ad litem. Further, Appellant was served with a summons, which as will be discussed below, adequately indicated the consequences of awarding legal custody of H.B. to the Coopers. At the hearing, the court asked Appellant "Do you feel that you understand what legal custody of H.B. to the Coopers means?" To which Appellant responded "Yes." The court then asked "And are you in agreement with that?" To which Appellant again responded "Yes."
 {¶ 19} Now, in her brief, Appellant asserts that "[i]f [she] had truly understood the consequences of a legal custody order, then she would have never consented to legal custody because [she] had successfully completed her case plan and was on-track to achieve the Permanency Goal of the plan, reunification."
 {¶ 20} Despite Appellant's assertion, we are limited on appeal to a review of the evidence presented in the record. The evidence in the record indicates that Appellant was cognizant of the consequences of awarding legal custody of H.B. to the Coopers. Appellant was adequately represented at the hearings, and was served with a summons which provided adequate notice of the consequences. Furthermore, Appellant's specific admission that she was aware of the consequences of awarding the Coopers legal custody of H.B., coupled with indications from the record that, despite problems in her past, Appellant is an intelligent and capable young woman, are sufficient for us to conclude that Appellant was fully aware of her rights in this case.
 {¶ 21} We conclude that the Magistrate did not commit plain error by failing to specifically inform Appellant, on the record, of the consequences of awarding the Coopers legal custody of her child. Appellant's assertion, after the fact, that if she had truly understood the consequences of her actions she would not have acted as she did, is not verifiable from the record. Our examination of the record indicates that Appellant was not deprived of her fundamental due process parental rights, and thus no plain error occurred.
 {¶ 22} Next, Appellant asserts that plain error occurred when the "summons issued to Appellant did not state the permanent nature of legal custody nor the high standard of review of a legal custody disposition." As previously mentioned, we disagree.
 {¶ 23} The summons issued to Appellant clearly lays out all the possible outcomes that could occur at the disposition hearing. In particular, the summons states that "[a]n order oflegal custody will cause the removal of the child(ren) from the legal and physical custody of the non-custodial parent, guardian, or custodian. The person given legal custody has the authority to decide where and with whom the child(ren) shall reside. An order of legal custody may be to a relative or non-relative of the child(ren) and may continue until the child(ren) reach(es) eighteen years of age or until the parent, guardian, or custodian petitions the Court for return of the child(ren) and the Court so orders. The parent retains the right to visitation or contact with the child(ren), subject to any orders from the Court. Parental responsibility to provide support continues." The description on the summons of the nature of legal custody is more than adequate. Therefore, we conclude that the summons is not deficient, and thus is not an instance of plain error.
 {¶ 24} Finally, Appellant asserts that "[i]t was plain error for Magistrate Wilhelm to proceed with the dispositional hearing when neither CSB nor the Coopers had any legal standing under Ohio law to seek legal custody of H.B." Appellant cites to R.C.2151.353(A)(3), which provides that a court may "[a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requestinglegal custody of the child." (Emphasis added). Appellant contends that because the Coopers never filed a motion requesting legal custody of H.B., it was plain error for the Magistrate to award legal custody of H.B. to the Coopers as she had no authority to do so.
 {¶ 25} While we agree that failure of the Coopers to file a motion requesting legal custody is a defect in the process, we do not agree that it rises to the level of plain error. This defect is neither "prejudicial to the defendant" nor does it "affect
`the fairness, integrity or public reputation of judicial proceedings.'" Although the Coopers never personally filed a motion requesting legal custody, Appellant was made aware upon the initiation of legal proceedings, that awarding legal custody of H.B. to the Coopers was the result desired by CSB. The initial complaint specifically requests that the juvenile court "adjudicate the child Dependency, [and] grant a preferred disposition of Legal Custody to, Rebecca and Thomas Cooper,. . . ." Thus, we conclude that the Coopers' failure to personally file a motion requesting legal custody of H.B. is not so harmful as to rise to the level of plain error.
 {¶ 26} In sum, we conclude that none of the errors asserted by Appellant rise to the level of plain error, and thus Appellant's second assignment of error is overruled. Therefore, as both of Appellant's assignments of error are without merit we must affirm the decision of the trial court. We note again, however, that our decision does not preclude the possibility of Appellant regaining legal custody of H.B. in the future, as previously mentioned, the juvenile court has scheduled a separate hearing on the issue of a possible return of legal custody of H.B. to the Appellant.
JUDGMENT AFFIRMED.
Brogan, J., and Wolff, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).