DECISION AND JUDGMENT
{¶ 1} Appellant appeals an order of Lucas County Court of Common Pleas, Juvenile Division, vacating its prior award of legal custody.
 {¶ 2} Appellant, Derrick R., is the former stepfather of 15-year-old Ashianna G. On January 8, 2007, appellant filed a pro se complaint for Ashianna's legal custody. Appellant averred that Ashianna presently lives with him and wishes to continue to do so. In his praecipe for service, appellant listed Ashianna's natural father and her mother, appellee Sabrina R., as parties with an interest in her custody. Appellant listed appellee's address for service as Melrose Street in Toledo. *Page 2 
 {¶ 3} Ashianna's father was served by publication. When the complaint and summons to appellee were returned marked "unclaimed," the matter proceeded to a hearing before a magistrate, who granted appellant's motion. On May 7, 2007, the court ratified a magistrate's decision.
 {¶ 4} On July 10, 2007, appellee filed a pro se motion for a change of custody. Appellee asserted that she had been unaware of the prior proceedings and that she and appellant had a mutual agreement for his care of Ashianna. In a later affidavit, appellee averred that even though she had been in regular contact with appellant prior to and following his filing, he never informed her of the pending proceeding. Moreover, appellee stated, appellant was fully aware of her current address when he filed, as she had not been at the Melrose Street address since mid-2006. Appointed counsel for appellee then filed a motion to vacate the original judgment.
 {¶ 5} The parties eventually agreed to dismiss the motion for a change of custody. Following this, the court found well-taken appellee's motion to vacate its original judgment awarding appellant legal custody. From this order, appellant now brings his appeal. Appellee has not filed a brief.
 {¶ 6} Appellant's appointed counsel have filed a motion to withdraw, pursuant to Anders v. California (1967), 386 U.S. 738. Counsel state that they have thoroughly reviewed the record and are unable to identify any arguably meritorious issue for appeal. In conformity withAnders, counsel have filed a brief in which they discuss a single area of potential error they have considered, yet rejected as unsupported in the record. A copy *Page 3 
of appellant's brief has been provided to appellant, along with correspondence advising him of his right to submit his own brief. Appellant has filed no brief in this matter, but has submitted a single page captioned "additional information" in which he reiterates that Ashianna wishes to remain with him.
 {¶ 7} Pursuant to Anders, counsel sets forth the following potential assignment of error:
 {¶ 8} "The trial court's decision was against the manifest weight of the evidence."
 {¶ 9} We concur with counsel that this matter is not reversible on the weight of the evidence. Our analysis, however, is more on the lines of a Civ. R. 60(B) motion to vacate.
 {¶ 10} The original custody order was essentially a default judgment in appellant's favor. To set aside such a judgment, a movant must, "* * * demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 11} Appellee's motion was timely and she articulated a meritorious defense. She has also alleged a Civ. R. 60(B)(3) ground for vacation. The motion was supported by an affidavit from appellee averring facts which would support the motion. Appellant *Page 4 
did not respond. Given these circumstances, the trial court was well within its discretion in granting the motion. See In re. A.H., 8th Dist. No. 85132, 2005-Ohio-1307, ¶ 6. Thus, we concur with counsel that appellant's appeal is without merit.
 {¶ 12} Upon our own independent review of the record, we find no other grounds for meritorious appeal. Accordingly, this appeal is found to be without merit, and wholly frivolous. Counsels' motion to withdraw is found well-taken and is, hereby, granted.
 {¶ 13} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1