DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hillsboro Municipal Court judgment that denied a Civ. R. 60(B) motion for relief from judgment filed by Joseph Holdren, defendant below and appellant herein.
 {¶ 2} Appellant raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT JOSEPH HOLDREN IN DENYING DEFENDANT'S 60(B) MOTION AND GRANTING SUMMARY JUDGMENT TO PLAINTIFF WHEN DEFENDANT HAD A MERITORIOUS AND THREE VALID DEFENSES OTHER THAN A DENIAL OF THE *Page 2 
COMPLAINT, TO WIT: THE ADDRESS IN THE COMPLAINT WAS NOT THE PROPERTY OF THE DEFENDANT JOSEPH HOLDREN, THE PLAINTIFF DID NOT HAVE A VALID EASEMENT ON THE PROPERTY OF JOSEPH HOLDREN, AND PLAINTIFF ALLEGED NEGLIGENCE IN THE COMPLAINT AND FILED THEIR COMPLAINT AFTER THE STATUTE OF LIMITATIONS ON NEGLIGENCE HAD RUN."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT JOSEPH HOLDREN, IN FINDING THAT R.C. 2305.09(A) RATHER THAN R.C. 2305.10 IS CONTROLLING IN DETERMINING THE STATUTE OF LIMITATIONS."
 {¶ 3} Dayton Power and Light Company, plaintiff below and appellee herein, raises the following assignment of error:[1]
 "THE TRIAL COURT ERRED WHEN IT RULED THAT A PRO SE DEFENDANT'S LACK OF UNDERSTANDING OF THE SIGNIFICANCE OF A SUMMARY JUDGMENT PROCEEDING, BY ITSELF, QUALIFIES AS EXCUSABLE NEGLECT UNDER CIV.R. 60(B)(1)."
 {¶ 4} On March 7, 2007, appellee alleged that while appellant was excavating at his property, he negligently damaged appellee's electrical facilities. Appellee also asserted that appellant failed to give notice to the Ohio Utility Protection Service before excavating as R.C. 3781.28(A) requires. Appellant filed a pro se answer and denied liability.
 {¶ 5} On May 10, 2007, appellee filed a motion for default judgment or, in the alternative, summary judgment. In an affidavit, appellee's employee averred that he *Page 3 
spoke with appellant and appellant did not dispute that he damaged the facilities "on the date in question and address identified in the Complaint." Appellant claimed that either the invoice was too high or that appellee's buried facilities might have been defective. Appellant responded to appellee's motion by stating: "I * * * deny the fact that I owe [appellee] $2,249.23 due to insufficient evidence that I am the one at fault."
 {¶ 6} The trial court granted appellee summary judgment and concluded that appellant "failed to properly defend this matter and has not filed any evidence of a defense as required by law."[2] *Page 4 
 {¶ 7} Subsequently, appellant retained counsel and filed a Civ. R. 60(B) motion for relief from judgment. Appellant alleged that he timely filed the motion, that he demonstrated excusable neglect, and that he had a meritorious defense to present. Regarding his assertion that he demonstrated excusable neglect, appellant argued that he "should not be penalized for his lack of sophistication or knowledge of the court system." More specifically, appellant asserted that he "is not sophisticated or well educated in the workings of the legal system. He did what he thought he was supposed to do, answer the complaint. It was not until he finally sought counsel that he realized the other things he was required to do by law." Appellant also claimed that he had the following meritorious defense to present: (1) the two-year negligence statute of *Page 5 
limitations bars appellee's claim; (2) the address in the complaint is not appellant's property; and (3) appellee does not have an easement on his property. He submitted an affidavit in which he alleged that appellee does not hold an easement, that he was not negligent, and that he does not owe appellee any money.
 {¶ 8} The trial court overruled appellant's Civ. R. 60(B) motion. The court found that appellant timely filed the motion and demonstrated excusable neglect: "[T]he Court finds that as [appellant] is not an attorney and apparently failed to understand the significance of a summery [sic] judgment proceeding, the court is satisfied that excusable neglect or inadvertence occurred." However, the court determined that appellant failed to demonstrate that he would have a meritorious defense to present. The court therefore overruled appellant's motion for relief from judgment.
 {¶ 9} We find appellee's argument that appellant failed to demonstrate excusable neglect dispositive of this appeal.[3] Therefore, we address it first. *Page 6 
 {¶ 10} Civ. R. 60(B) provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150, 351 N.E.2d 113. If any of these requirements are not met, the trial court must overrule the motion. Rose Chevrolet Inc. v. Adams (1988), 36 Ohio St.3d 17,520 N.E.2d 564. An appellate court generally reviews a trial court decision regarding a motion for relief from judgment for an abuse of discretion.Harris v. Anderson (2006), 109 Ohio St.3d 101, 102, 846 N.E.2d 43, citing State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153,684 N.E.2d 1237. Accordingly, a party must demonstrate not merely an error of law or judgment, but that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1150.
 {¶ 11} In Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525,706 N.E.2d 825, *Page 7 
we discussed the term "excusable neglect":
 "Although `[t]he term "excusable neglect" is an elusive concept' that courts often find difficult to define and to apply, Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, the cases discussing excusable neglect reveal some general principles. First, many cases characterize the type of conduct that does not constitute excusable neglect. Inaction of a party that can be labeled as a `complete disregard for the judicial system' constitutes inexcusable neglect. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 153, 1 O.O.3d 86, 90, 351 N.E.2d 113. Additionally, attorney conduct falling `substantially below what is reasonable under the circumstances' constitutes inexcusable neglect. Id. at 152. Second, a majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney. Other cases, however, despite the presence of special or unusual circumstances, declined to find excusable neglect. The cases generally suggest that if the party or his attorney could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable. Third, excusable neglect may exist when a party has neither knowledge nor actual notice of the lawsuit. Finally, the demands of being a busy lawyer or of being preoccupied with other litigation generally do not constitute excusable neglect."
Id. at 536-537 (footnotes omitted). In Vanest, we further noted the distinction between "excusable neglect" and mere "neglect," as Black's Law Dictionary defines the terms. "`[E]xcusable neglect' [means] * * * `a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.'" Id. at 537, fn.8, quoting Black's Law Dictionary (6 Ed. 1990) 566. In contrast, mere "neglect" means "`to omit, fail, or forbear to do a thing that can be done, or that is required to be done, but it may also import an absence of care or attention in the doing or omission of a given act. And it may mean a designed refusal, indifference, or unwillingness to perform one's duty.'" Id., quoting Black's at 1032. *Page 8 
 {¶ 12} Several cases address the concept of "excusable neglect" as it relates to pro se litigants. The vast majority conclude that lack of counsel and ignorance of the legal system does not constitute "excusable neglect." "`It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'"State ex rel. Fuller v. Mengel, 100 Ohio St.3d 352, 800 N.E.2d 25,2003-Ohio-6448, at ¶ 10, quoting Sabouri v. Ohio Dept. of Job FamilyServ. (2001), 145 Ohio App.3d 651, 654, 763 N.E.2d 1238. Courts should not generally use Civ. R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system. Lebanon Auto Parts v.Dracakis (Apr. 17, 2000), Warren App. No. CA99-09-110. Thus, a pro se litigant's confusion or misunderstanding of the law does not provide grounds for granting a Civ. R. 60(B) motion for relief from judgment.Huntington Natl. Bank v. D'Egidio, Lorain App. No. 05CA8647,2005-Ohio-5497 (concluding that appellants failed to establish excusable neglect simply by virtue of their pro se status); see, also, GlobeAmerican Cas. Co. v. Lindsay (Sept. 28, 2001), Franklin App. No. 01AP-176 (failure by a pro se litigant to file a timely answer because he did not understand the concept of a default judgment or the consequences of a failure to file his answer was not excusable neglect and the granting of defendant's motion for relief from judgment was likewise an abuse of the trial court's discretion); Roe v. Nicholas
(Apr. 26, 2001), Guernsey App. No. 00CA32 (failure to plead and/or seek legal advice after admittedly receiving complaint not excusable neglect under Civ. R. 60(B)(1)); Curry v. J. Bowers Constr., Inc. (Feb. 28, 2001), Summit App. No. 20287 (lack of familiarity with judicial system as lay person is not a decisive factor in determining excusable neglect where circumstances should have alerted one to the need to act promptly); Lebanon Auto Parts, supra (courts *Page 9 
should not use Civ. R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with legal system); West Terrace, Inc. v.Davison (Aug. 29, 1991), Cuyahoga App. No. 58713, (inexperience with litigation matters and/or failure to understand consequences of complaint may not constitute excusable neglect under Civ. R. 60(B)(1));General Motors Acceptance Corp. v. Fage (Mar. 13, 1985), Summit App. No. 11805 (Civ. R. 60(B)(1) relief not available to defendant who failed to make any effort to respond to complaint, including failing to contact an attorney); Ansec v. Marciano (Dec. 1, 1983), Cuyahoga App. No. 46836 (failure to understand precise legal implications does not justify ignoring legal process). As the court explained in Ragan v. Akron PoliceDept. (Jan. 19, 1994), 9th Dist. No. 16200 (citations omitted):
 "Acting pro se * * * is neither excusable neglect nor any other reason justifying relief from judgment. A party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel. If the fact that a party chose not to be represented by counsel and was unsuccessful in pursuing his rights entitled that party to relief from judgment, every judgment adverse to a pro se litigant could be vacated to permit a second attempt, this time with counsel. Such a circumstance would be unjust to the adverse party."
 {¶ 13} In the case at bar, appellant chose to proceed without counsel. That is his right. As such, however, appellant is presumed to have knowledge of the law and legal procedures. While his lack of counsel in defending against appellee's default judgment/summary judgment motion may have affected the outcome, his failure to obtain counsel does not constitute excusable neglect. Neither is any claim that as a pro se litigant, he lacked a complete understanding of the consequences of appellee's default judgment/summary judgment motion. Appellant's conduct may demonstrate "neglect," but it does not demonstrate "excusable neglect." Thus, the trial court's finding that appellant demonstrated excusable neglect because he "is not an attorney *Page 10 
and apparently failed to understand the significance of a summery [sic] judgment proceeding" is unreasonable.
 {¶ 14} Consequently, we agree with appellee that the trial court's finding that appellant demonstrated excusable neglect constitutes an abuse of discretion. Because appellant failed to demonstrate excusable neglect, he could not succeed on his Civ. R. 60(B) motion even if he had shown that he would have a meritorious defense to present if the court granted the motion. See Rose Chevrolet, supra. Thus, even though the trial court improperly determined that appellant demonstrated excusable neglect, its judgment overruling appellant's Civ. R. 60(B) motion is still proper. Moreover, our disposition of appellee's excusable neglect argument renders appellant's remaining assignments of error moot and we need not address them. See App. R. 12(A)(1)(c). Appellant's failure to demonstrate excusable neglect is fatal to his Civ. R. 60(B) motion. Therefore, the trial court did not abuse its discretion by overruling his motion.
 {¶ 15} Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment, albeit for different reasons.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion
[1] Although appellee did not file a notice of cross-appeal, it was not required to do so. App. R. 3(C)(2) provides: "A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal." In the case at bar, appellee does not seek to change the trial court's judgment, but, instead, is defending the judgment on a ground other than the one the trial court cited as the basis for its decision.
[2] Civ. R. 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Accordingly, trial courts may not grant summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and after viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-430,674 N.E.2d 1164.
Under Civ. R. 56, the moving party bears the initial burden to inform the trial court of the basis for the motion, and to identify those portions of the record that demonstrate the absence of material fact.Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 273. The moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ. R. 56(C); Dresher, supra.
Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that a genuine issue exists for trial. Civ. R. 56(E); Dresher, supra. In responding to a motion for summary judgment, a nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. Rather, Civ. R. 56 requires a nonmoving party to respond with competent evidence to demonstrate the existence of a genuine issue of material fact. Civ. R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once a moving party satisfies its Civ. R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing Civ. R. 56(C) evidence, that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise, with specific facts to show that a genuine issue exists for trial.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264;Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48,52, 567 N.E.2d 1027. In the case sub judice, we agree with the trial court's conclusion that appellant merely denied the allegations and failed to set forth specific facts to show that a genuine issue of fact actually exists for trial.
[3] Although the trial court overruled appellant's motion for relief from judgment on the basis that he failed to demonstrate that he had a meritorious defense to present, we may nevertheless uphold its judgment on alternate grounds. See, e.g., State ex rel. McGrath v. Ohio AdultParole Auth., 100 Ohio St.3d 72, 796 N.E.2d 526, 2003-Ohio-5062, at ¶ 8 ("Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous"). *Page 1