[Cite as *Rayess v. McNamee*, 2015-Ohio-3163.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| M. BASSEM RAYESS | : | |
| | : | Appellate Case No. 26543 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-CV-4284 |
| v. | : | |
| | : | (Civil Appeal from Montgomery |
| CYNTHIA P. McNAMEE, et al. | : | County Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of August, 2015.

. . . . . . . . . .

M. BASSEM RAYESS, Post Office Box 293166, Dayton, Ohio 45429
        Plaintiff-Appellant, *pro* se

NEIL F. FREUND, Atty. Reg. No. 0012183, and LINDSAY M. JOHNSON, Atty. Reg.
No. 0077753, Freund, Freeze & Arnold, Fifth-Third Center, 1 South Main Street, Suite
1800, Dayton, Ohio 45402
        Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant M. Bassem Rayess appeals from the overruling of his

Civ.R. 60(B) motion for relief from judgment.   He contends that the trial court abused its

discretion when it overruled the motion.

**{¶ 2}** Because Rayess failed to demonstrate that he has a meritorious defense or claim, or that he is entitled to relief, we conclude that the trial court did not abuse its discretion by overruling the motion for relief. Accordingly, the order of the trial court overruling Rayess's motion for relief from judgment is Affirmed.

## I.    The Course of Proceedings

**{¶ 3}** In June 2012, Rayess brought this legal malpractice action against the law firm of PIckrel, Schaeffer, and Ebeling, and attorney Cynthia McNamee. The action was dismissed by the trial court upon its finding that the applicable statute of limitations had run, and that there was no tolling of the statute. The trial court also overruled Rayess's motion for exemption from court costs.

**{¶ 4}** Rayess appealed. We affirmed, upholding the trial court's conclusion that the malpractice action was time-barred. *Rayess v. McNamee*, 2d Dist. Montgomery No. 25915, 2014-Ohio-2210, ¶ 23. We also held that the trial court had not abused its discretion in denying the motion for exemption. *Id.*, ¶ 26. Of relevance to this appeal, our opinion stated:

> Although the trial court did not recite the basis for its decision, the trial court reasonably could have found his affidavit deficient. The August 22, 2013 affidavit alleged that Rayess had lost his job in May 2009 and was not working. The affidavit did not address why Rayess, who holds a medical degree, had not obtained employment in more than four years or what steps he had taken to do so. The affidavit also acknowledged that Rayess

received "public assistance" and had "limited savings" but did not identify the amount of either. Under these circumstances, we cannot say the trial court abused its discretion in denying his motion for exemption from court costs. The fact that other courts have exempted him in the past did not compel the trial court to do so here. The fourth assignment of error is overruled.

*Id.* at ¶ 26.

{¶ 5} On June 9, 2014, Rayess moved, under Civ.R. 60(B)(5), for relief from judgment with regard to the denial of the court-cost exemption. In his motion, he stated that he was unaware of the deficiencies in his affidavit until the issuance of our opinion in his appeal. He attached an affidavit to the motion for relief, in which he averred that he was not currently working; that he had been seeking employment; that other than household goods, a car, and "less than a thousand dollars," he has no assets; and that he has passed a "certifying exam" in "the field [he] is interested in." Dkt. 4.

{¶ 6} The trial court issued an entry stating "[t]he Court denies Plaintiff's June 9, 2014 Motion for Relief from Judgment based upon the May 23, 2014, Court of Appeals Opinion in Case No. 25915." Rayess then filed an "Emergency Motion for Clarification of A Final Order," in which he "ask[ed] the Court to state with greater specificity" the grounds for overruling his Civ.R. 60 motion. The trial court then entered a Journal Entry stating as follows:

On December 5, 2014, the Court denied plaintiff's June 19, 2014, motion for relief from judgment. The Court now responds to his December 11, 2014, emergency motion for clarification of a final order.

Previously, the Court dismissed plaintiff's legal-malpractice complaint on statute of limitation grounds. The Court also denied his motion for exemption from court costs.

In its May 23, 2014, opinion in case no. 25915, the court of appeals denied all plaintiff's assignments of error and affirmed the trial court's decision. Specifically, the appellate court ruled that the trial court did not abuse its discretion in denying plaintiff's motion for exemption from court costs.

Plaintiff appealed the decision. On October 22, 2014, the Supreme Court declined "to accept jurisdiction of the appeal pursuant to S.Ct.Pract.R 7.08(B)(4)."

Both the court of appeals and the Supreme Court have approved the trial court decision denying plaintiff's motion for exemption from costs. For that reason, the Court declines to change its ruling.

{¶ 7} Rayess appeals from the order overruling his Civ.R. 60(B)(5) motion for relief.

**II.     The Trial Court Did Not Err in Finding that Rayess Failed to Demonstrate a Basis for Relief Under Civ.R. 60(B)**

{¶ 8} Rayess's sole assignment of error states as follows:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S JUNE 9, 2014 MOTION FOR RELIEF FROM JUDGMENT.

{¶ 9} Rayess contends that the trial court should have granted him relief from judgment because his new affidavit, submitted with his motion, demonstrates that he cannot afford to pay the costs.

{¶ 10} A court has discretion over the issue of whether a person is indigent, and thus whether to waive filing fees and costs. *Carter v. Elliott*, 2d Dist. Clark No. 2008 CA 107, 2009-Ohio-7039, ¶ 5. The term "abuse of discretion" indicates that the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} The Supreme Court of Ohio has held that to prevail on a motion brought under Civ.Rule 60(B) the movant must demonstrate: (1) that the party has a meritorious defense or claim to present if relief is granted; (2) that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3) not more than one year after the judgment, order or proceeding was entered or taken. *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984); *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). "[A]n order denying a motion for relief from judgment is reviewed by this court under an abuse of discretion standard." *Len–Ran, Inc. v. Erie Ins. Group*, 11th Dist. No.2006–P–0025, 2007–Ohio–4763, at ¶ 15, citing *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 12} With regard to his motion for relief, Rayess relied upon Civ.R. 60(B)(5), "any other reason justifying relief from the judgment." However, in reading his motion, we note that Rayess claimed that he was not aware that his affidavit in support of his original

motion for exemption was inadequate until he read our opinion setting forth its deficiencies. In short, his claim for relief from judgment was based upon his claim that he lacked understanding of how to present his claims by affidavit. This argument indicates that his motion for relief from judgment is more properly made pursuant to Civ.R. 60(B)(1), "mistake, inadvertence, surprise or excusable neglect."

{¶ 13} A majority of cases addressing this type of claim with regard to pro se litigants "conclude that lack of counsel and ignorance of the legal system does not constitute 'excusable neglect.'" *Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 12. This is because "pro se litigants are presumed to have knowledge of the law and legal procedures and they are held to the same standard as litigants who are represented by counsel." *Id.*, citations omitted. "Courts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system." *Id.*, citation omitted. "Acting pro se * * * is neither excusable neglect nor any other reason justifying relief from judgment. A party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel. If the fact that a party chose not to be represented by counsel and was unsuccessful in pursuing his rights entitled that party to relief from judgment, every judgment adverse to a pro se litigant could be vacated to permit a second attempt." *Ragan v. Akron Police Dept.*, 9th Dist. Summitt No. 16200, 1994 WL 18641, * 3 (Jan. 19, 1994).

{¶ 14} Despite the fact that Rayess proceeded without counsel, he is charged with knowledge of the law and legal procedure. His failure to provide an adequate affidavit justifying a waiver of costs does not constitute excusable neglect, nor any other reason

justifying relief from the judgment denying his motion for exemption.

{¶ 15} Furthermore, we conclude that Rayess has not established a meritorious defense. His new affidavit attached to his motion for relief does state that his cash assets are less than $1,000, and that he took a "certifying exam" toward pursuing a job in January 2014. However, the affidavit also notes that he is receiving public assistance. Again, Rayess failed to set forth the amount of that assistance. Nor does it set forth with any specificity the reason for failing to obtain any type of employment. Thus, we conclude that even if the trial court considered the new affidavit, the trial court would not abuse its discretion by again denying the motion for waiver of costs.

{¶ 16} Rayess's sole assignment of error is overruled.

### III.    Conclusion

Rayess's sole assignment of error having been overruled, the order of the trial court overruling his motion for relief from judgment is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

M. Bassem Rayess
Neil F. Freund
Lindsay M. Johnson
Hon. Michael W. Ward
(sitting for Judge Gregory F. Singer)