[Cite as *Rayess v. Staton*, 2015-Ohio-5169.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| M. BASSEM RAYESS | : | |
| | : | Appellate Case No. 26683 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 14-CV-2821 |
| v. | : | |
| | : | (Civil Appeal from |
| JAMES C. STATON, et al. | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of December, 2015.

. . . . . . . . . . .

M. BASSEM RAYESS, Post Office Box 293166, Kettering, Ohio 45429
    Plaintiff-Appellant, *pro se*

JAMES C. STATON, Atty. Reg. No. 0068686, Staton, Fisher & Conboy, 5613 Brandt Pike,
Huber Heights, Ohio 45424
    Defendant-Appellee, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1} On May 13, 2004 M. Bassem Rayess filed, pro se, a civil complaint against

one of his former attorneys, the nature of which is not relevant. However, the defendant

filed a Motion for Summary Judgment on November 4, 2014. The trial court filed an entry on November 7, 2014 setting submission dates for the defendant's Motion for Summary Judgment. On November 10, 2014, the Appellant filed an "Entry of Voluntary Dismissal" pursuant to Civ. R. 41 (A)(1)(a). A court cost statement for $247.00 was sent to Appellant November 12, 2014. On November 21, 2014, Appellant filed a "Motion for Exemption from Paying the Court Costs," which was supported by Appellant's affidavit. On April 24, 2015, the trial court denied the requested exemption from paying court costs. This appeal followed.

{¶ 2} A court has discretion over the issue of whether a person is indigent, and thus whether to waive filing fees and costs. *Carter v. Elliott*, 2d Dist. Clark No. 2008 CA 107, 2009-Ohio-7039, ¶ 5. The term "abuse of discretion" indicates that the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 3} We note the similarity between this case and the cases *Rayess v. McNamee*, 2d Dist. Montgomery No. 25915, 2014-Ohio-2210 and *Rayess v. McNamee*, 2d Dist. Montgomery No. 26543, 2015-Ohio-3163, both appeals from the same trial court case where Rayess had filed suit against another former attorney. In Case No. 25915 we determined that the statute of limitations had expired on Rayess's claim. But we also determined that that trial court had not abused its discretion when it denied Rayess's motion for exemption from court costs. We stated

> Although the trial court did not recite the basis for its decision, the
>
> trial court reasonably could have found his affidavit deficient. The August
>
> 22, 2013 affidavit alleged that Rayess had lost his job in May 2009 and was

not working. The affidavit did not address why Rayess, who holds a medical degree, had not obtained employment in more than four years or what steps he had taken to do so. The affidavit also acknowledged that Rayess received "public assistance" and had "limited savings" but did not identify the amount of either. Under these circumstances, we cannot say the trial court abused its discretion in denying his motion for exemption from court costs. The fact that other courts have exempted him in the past did not compel the trial court to do so here.

*Rayess v. MacNamee,* No. 25915*,* at ¶ 26.

{¶ 4} Subsequent to that decision, Rayess filed a motion for relief from judgment on June 9, 2014 specifically regarding the court costs, and with the motion he submitted a more detailed affidavit about his financial status. Five of the six paragraphs in the June 9, 2014 affidavit are identical to five of the seven-paragraph affidavit he submitted on November, 21, 2014 in the case now before us. The two different paragraphs in the more recent affidavit are paragraph 1., "I am currently not working and I have zero income.", and paragraph 7., which is a paragraph somehow attributing fault to the appellee in this case for not providing notice to his insurance carrier so that Rayess could have found an attorney who would represent him on a contingency basis and who would obtain an expert on his behalf.

{¶ 5} In regard to the Motion for Relief from Judgment in the second *McMamee* appeal, regarding the June 9, 2014 more detailed affidavit, we stated "we conclude that even if the trial court considered the new [June 9, 2014] affidavit, the trial court would not abuse its discretion by again denying the motion for waiver of costs." *Rayess v.*

*McNamee*, No. 26543, ¶ 15.

{¶ 6} The affidavit in the case before us is not significantly different from the one Rayess submitted in his prior referenced appeal. We see no reason to deviate from our prior conclusion and we determine that the trial court here did not abuse its discretion by denying Appellant's motion for exemption from court costs.

{¶ 7} Rayess's sole assignment of error having been overruled, the order of the trial court overruling his Motion for Exemption from Paying the Court Costs is Affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

M. Bassem Rayess
James C. Staton
Hon. Michael W. Ward
(sitting for Judge Richard Skelton)

| | |
|---|---|
| Case Name: | *M. Bassem Rayess v. James C. Staton, et al.* |
| Case No: | Montgomery App. No. 26683 |
| Panel: | Froelich, Fain, Hall |
| Author: | Michael T. Hall |
| Summary: | Plaintiff in legal malpractice action who voluntarily dismissed the claim filed motion for exemption from court costs. He failed to demonstrate a meritorious claim for exemption. Trial Court did not abuse its discretion by denying Appellant's "Motion for Exemption from Paying the Court Costs." Affirmed. |