[Cite as *Natl. Collegiate Student Loan Trust 2007-2 v. Tigner*, 2018-Ohio-4442.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| NATIONAL COLLEGIATE STUDENT | : | |
| LOAN TRUST 2007-2 | : | |
| | : | Appellate Case Nos. 27841, 28035 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2017-CV-5075 |
| v. | : | |
| | : | (Civil Appeal from |
| FLO A. TIGNER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2018.

. . . . . . . . . . .

ERIC WASSERMAN, Atty. Reg. No. 0020604 and EVANA CAROLYN DELON, Atty. Reg.
No. 0077741, 30455 Solon Road, Solon, Ohio 44139
    Attorneys for Plaintiff-Appellee

JONATHAN F. HUNG, Atty. Reg. No. 0082434, 800 Performance Place, 109 North Main
Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Flo A. Tigner appeals from two judgments of the Montgomery County Court of Common Pleas, granting default judgment against her and denying her Civ.R. 60(B) motion for relief from judgment. Tigner filed a timely notice of appeal with this Court.

**{¶ 2}** On May 2, 2007, David C. Tigner executed a student loan with plaintiff-appellee National Collegiate Student Loan Trust 2007-2 (hereinafter "National"). Flo Tigner ("Tigner"), David's mother, co-signed the student loan. The original loan amount was for $27,176 and was executed in order to finance David's education at Central State University, located in Wilberforce, Ohio.

**{¶ 3}** On October 30, 2017, National filed a complaint against Tigner to collect upon the defaulted student loan for which she co-signed. The record establishes that Tigner received successful service of the complaint via FedEx on November 7, 2017. Tigner failed to appear or respond to the complaint, and on December 8, 2017, National filed a motion for default judgment. On December 14, 2017, the trial court granted the motion for default judgment and entered judgment in favor of National in the amount $59,656.51, including principal, accrued interest, and fees. Tigner filed a pro se notice of appeal with this Court on December 22, 2017 (Montgomery App. No. 27841).

**{¶ 4}** On February 15, 2018, Tigner, acting pro se, filed a brief with this court wherein she admitted that she co-signed the student loan for her son in 2007. While admitting that she made payments towards the loan for an unspecified amount, Tigner argued that her current financial situation left her unable to make any further payments. Tigner's brief contained no legal arguments and failed to cite any legal authority in support

of her position. National filed a responsive brief on March 7, 2018. On March 20, 2018, Tigner, now represented by counsel, filed a motion for leave to file an amended brief. In the alternative, Tigner requested that the matter be remanded to the trial court to consider granting relief from the default judgment. In a decision and entry issued on April 16, 2018, we sustained Tigner's motion in part and remanded the matter to the trial court "for the limited purpose of resolving a motion to seek relief from judgment."

{¶ 5} Upon remand, Tigner filed her Civ.R. 60(B) motion for relief from judgment on April 24, 2018. In her motion, Tigner set forth the following arguments: 1) she was denied due process when the trial court failed to afford her 14 days in which to respond to National's motion for default judgment, as required by Montgomery County's local rule, Mont. Co. C.P.R. 2.05(B)(2)(b); 2) she may have a meritorious defense based upon a six-year statute of limitations for promissory notes; and 3) her failure to file an answer was due to excusable neglect. On May 25, 2018, the trial court issued a decision overruling Tigner's motion for relief from judgment, in which it stated the following:

> In conclusion, although Defendant asserts in her Motion that the date payments ceased, potentially triggering a statute of limitations defense, Defendant's assertions were not made pursuant to a properly framed affidavit, the assertions are conclusory at best, Defendant failed to submit other proper evidence for the court's consideration, and Defendant has failed to demonstrate excusable neglect and has not properly assert[ed] that she has a meritorious defense to the claim. Defendant has failed to set forth any operative facts or provide any proper evidence entitling her to relief from judgment under one of the grounds delineated in Civ.R. 60(B)(1)

through (5), and, thus, Defendant has failed to satisfy the first prong of the *GTE* test [referencing *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976)]. Next, even if the court had found that Defendants [sic] set forth a reason entitling Defendants [sic] to relief from judgment, Defendant also failed to satisfy the second prong of the *GTE* test by failing to submit any proper evidence for the court's consideration as to whether Defendants [sic] had a meritorious defense or claim to present if relief was granted.

Decision, Order, and Entry, Montgomery C.P. No. 2017-CV-5075 (May 25, 2018) at 4-5.

{¶ 6} Tigner filed a timely notice of appeal from this judgment on June 19, 2018 (Montgomery App. No. 28035).

{¶ 7} Tigner's first assignment of error is as follows:

THE TRIAL COURT DEPRIVED APPELLANT OF DUE PROCESS WHEN IT GRANTED DEFAULT JUDGMENT IN APPELLEE'S FAVOR BEFORE APPELLANT HAD THE OPPORTUNITY TO RESPOND PURSUANT TO THE TIME PROSCRIBED BY LOC.R. 2.05(B)(2)(b) OF THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, GENERAL DIVISION.

{¶ 8} In her first assignment, Tigner contends that, pursuant to Mont. Co. C.P.R. 2.05(B)(2)(b), she was entitled to 14 days in which to respond to National's motion for default judgment. Therefore, Tigner argues that the trial court erred when it granted default judgment in favor of National before 14 days had expired, thereby violating her due process rights.

{¶ 9} We review a trial court's decision to grant a default judgment for abuse of

discretion. *See, e.g.*, *Mueller v. Hammann*, 1st Dist. Hamilton Nos. C-120799, C-130231, 2013-Ohio-5098, ¶ 7, citing *Zuljevic v. Midland-Ross Corp. Unicast Div.*, 62 Ohio St.2d 116, 403 N.E.2d 986 (1980).   An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} As previously stated, Tigner argues that, pursuant to Mont. Co. C.P.R. 2.05(B)(2)(b), she was entitled to 14 days in which to respond to National's motion for default judgment, and therefore, the trial court erred when it granted default judgment to National before 14 days had expired.   Mont. Co. C.P.R. 2.05(B)(2)(b) provides that all memoranda opposing a motion shall "be filed and served within 14 days from the date on which the motion was served.   If no memorandum is filed within this time limit, the motion may be decided forthwith."

{¶ 11} Initially, we note that Mont. Co. C.P.R. 2.17(A)(2)(a) provides that a "proposed default judgment entry shall include a certificate of service" and that "the filing party, not the clerk" is responsible for "serving a copy of the default judgment entry" on the party against whom judgment is sought.   Tigner has not alleged that National failed to fulfill those requirements.   Additionally, Mont. Co. C.P.R. 2.01(B)(2)(a) specifically allows for the filing of a motion for default judgment in the event that the defendant fails to file an answer.   As noted by the trial court in its decision overruling Tigner's motion for relief from judgment, nothing in Mont. Co. C.P.R. 2.01 affirmatively states that a non-answering defendant shall have an opportunity to respond to a motion for default judgment. *Id.* at 4.

{¶ 12} In support of her argument that Mont. Co. C.P.R. 2.05(B)(2)(b) applies in

the instant case, Tigner relies on two of our prior cases, *Farmer v. PNC Bank, N.A.*, 92 N.E.2d 218, 2017-Ohio-4203 (2d Dist.), and *Bank One, N.A. v. Wesley*, 2d Dist. Montgomery No. 20259, 2004-Ohio-6051. In *Farmer*, the trial court granted default judgment against the defendants and dismissed their counterclaim without allowing them the 14-day period that Mont. Co. C.P.R. 2.05(B)(2)(b) allotted for responding to a motion for discovery sanctions. *Id.* at ¶ 37-38. We held that this constituted prejudicial error. As we noted in *Wesley*, "[t]he determination of what sanction to impose upon a party as a result of its failure to comply with discovery is confided to the sound discretion of the trial court. Due process requires that both parties have an opportunity to present arguments addressed to the trial court's exercise of this discretion before it makes a decision. By making the decision to impose the extreme sanction of default judgment before the time had run out under the trial court's own local rule, the trial court deprived the [defendants] of their opportunity to attempt to persuade the trial court that a lesser sanction was warranted in this case." *Wesley* at ¶ 21.

{¶ 13} In our view, both *Farmer* and *Wesley* are clearly distinguishable from the facts in the instant case. Specifically, the motions at issue in *Farmer* and *Wesley* were motions for sanctions based upon discovery violations under Mont. Co. C.P.R. 2.05, not motions for default judgment filed after the defendant had failed to file an answer or otherwise enter an appearance in the action, as is the case here. Therefore, the 14-day time period set forth in Mont. Co. C.P.R. 2.05(B)(2)(b) is inapplicable to the instant case and does not act to bar the trial court from granting default judgment in favor of National.

{¶ 14} Rather, Civ.R. 55 governs the entry of default judgments and provides in pertinent part:

(A) Entry of Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. *If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.*

{¶ 15} "A party appears in an action for purposes of Civ.R. 55(A) when that party 'clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made.' " *Allstate Ins. Co. v. Hunt*, 2d Dist. Montgomery No. 20991, 2006-Ohio-238, ¶ 13, citing *Miamisburg Motel v. Huntington National Bank*, 88 Ohio App.3d 117, 126, 623 N.E.2d 163 (2d Dist.1993), and *Dayton Modulars, Inc. v. Dayton View Community Dev. Corp.*, 2d Dist. Montgomery No. 20894, 2005-Ohio-6257, ¶ 15. "Relying upon *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 461 N.E.2d 1282, we have stated that 'a party, or his counsel, who is aware of a communication by the opposing party in which that party has expressed a clear purpose to defend the suit has a duty to inform the trial court of this fact when seeking a default judgment against that party, and has an obligation under Civ.R. 55(A) to inform that party that application for a default judgment has been made.' " *Id.* Accordingly, only an appearance triggers the seven-day opportunity to respond delineated in Civ.R. 55(A). It

follows, therefore, that if no appearance is made by a defendant, then no response period is required.

{¶ 16} The Third Appellate District addressed an almost identical issue in a foreclosure action in *Bank of Am., N.A. v. Sullivan*, 3d Dist. Allen No. 1-15-09, 2015-Ohio-2736. Similar to Tigner, the appellant in *Sullivan* argued that he had not been properly afforded the 14-day response on motions, under the local rule, when default judgment was entered one day after the motion had been filed by the plaintiff. *Id.* at ¶ 4-7. The *Sullivan* court reasoned that, since the appellant had not filed an answer or otherwise appeared in the action, the local rule providing him with 14 days to respond to a motion did not apply. *Id.* at ¶ 12. Rather, the court held that the appellant's case was governed by Civ.R. 55(A). The *Sullivan* court further stated that, because a defendant who does not appear in an action admits the allegations in a complaint, that defendant is not protected by the notice and hearing requirements of Civ.R. 55(A). *Id.* at ¶ 13, citing *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986); *see also Hover v. O'Hara,* 12th Dist. Warren No. CA2006-06-077, 2007-Ohio-3614, ¶ 12 (under Civ.R. 55(A), a party who has not appeared prior to the filing of a motion for default judgment is not entitled to the seven-day notice of the application); *L.S. Industries v. Coe*, 9th Dist. Summit No. 22603, 2005-Ohio-6736, ¶ 17 (the notice and hearing requirements of Civ.R. 55(A) were not applicable to the defendant because the defendant failed to answer or appear prior to the filing of the plaintiff's motion for default judgment). These courts reasoned that default judgment without notice is appropriate because "no response can reasonably be anticipated," and waiting for a party who has not appeared in an action to respond circumvents the canons of justice and judicial

economy. *See L.S. Industries* at ¶ 14, 17; *see also Hover* at ¶ 13.

{¶ 17} In the instant case, the record establishes that Tigner failed to answer or otherwise appear prior to the filing of National's motion for default judgment. Therefore, Tigner effectively admitted the allegations in the complaint. As a result, Tigner was not entitled to the notice requirements of Civ.R. 55(A), and the trial court properly entered default judgment against her without notice. Moreover, the 14-day period provided in Mont. Co. C.P.R. 2.05(B)(2)(b) is not applicable to Tigner, and the trial court was not required to allow her 14 days to respond to National's motion for default judgment prior to ruling on that motion.

{¶ 18} Tigner's first assignment of error is overruled.

{¶ 19} Tigner's second assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S TIMELY MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE EVIDENCE SHOWED THAT APPELLANT WAS ENTITLED TO RELIEF PURSUANT TO CIV.R. 60(B)(5), AND THAT SHE HAD A MERITORIOUS DEFENSE AGAINST APPELLEE'S CLAIMS.

{¶ 20} In her second and final assignment, Tigner argues that the trial court erred when it overruled her Civ.R. 60(B) motion for relief from judgment. Specifically, Tigner contends that the trial court erred when it concluded that she was required to submit relevant evidentiary materials, such as affidavits, in support of her motion for relief from judgment. Tigner also argues that the trial court erred when it found that she had failed to set forth any operative facts establishing that she was entitled to relief or that she had a meritorious defense.

{¶ 21} "Civ.R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done." *Chapman v. Chapman*, 2d Dist. Montgomery No. 21244, 2006-Ohio-2328, ¶ 13. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). All of these requirements must be satisfied, and they "are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

{¶ 22} In order to establish a meritorious claim or defense under Civ.R. 60(B), the movant is required to allege a meritorious claim or defense, not to prove that she will prevail on that claim or defense. *See State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889 N.E.2d 162, ¶ 10 (2d Dist.). A "meritorious defense" means a defense "going to the merits, substance, or essentials of the case." Black's Law Dictionary, 420 (6th Ed.1990). "Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. Montgomery No. 16882, 1998 WL 288912, *3 (June 5, 1998), quoting *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative

facts that would warrant relief from judgment. *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 08AP-330, 2008-Ohio-6911, ¶ 37; *Bennitt v. Bennitt*, 8th Dist. Cuyahoga Nos. 65094 and 66055, 1994 WL 236295 (May 26, 1994).

{¶ 23} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect," (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment has been satisfied, released or discharged, or (5) any other reason justifying relief from the judgment.

{¶ 24} Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling "will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion occurs when a trial court "makes a decision that is unreasonable, arbitrary, or unconscionable." *Huntington Natl. Bank v. Burch*, 157 Ohio App.3d 71, 75, 2004-Ohio-2046, 809 N.E.2d 55, at ¶ 14 (2d Dist.).

{¶ 25} After reviewing the record, we find no abuse of discretion. As was noted, if any of the three requirements under Civ. R. 60(B) is not met, the motion to vacate is properly denied. For purposes of convenience, we will first consider the issue of excusable neglect. We have previously held that:

> An act is one of "neglect" when it constitutes an omission or failure to do a
> thing that can be done, but it may also import a failure of care or attention
> in the doing or omission of a given act. 'Excusable neglect' in the context
> of a Civ. R. 60(B)(1) motion generally means the failure to take the proper
> steps at the proper time, not in consequence of the party's own

carelessness, inattention, or willful disregard of the processes of the court, but in consequence of some unavoidable or unexpected hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.

*Federal Natl. Mtge. Assn. v. Banks*, 2d Dist. Montgomery No. 12692, 1991 WL 254652 (Dec. 6, 1991); *accord Hai v. Flower Hosp.*, 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, ¶ 21, and *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 537, 706 N.E.2d 825 (4th Dist.1997).

{¶ 26} "Courts generally find excusable neglect in those instances where there are 'unusual or special circumstances' that justify the neglect of a party or her attorney." *Griffin v. Dream House Mtge. Corp.*, 2d Dist. Greene No. 08-CA-45, 2009-Ohio-2178, ¶ 30, citing *Hai* at ¶ 21. However, no such circumstances have been shown to exist in the present case. The trial court stated in its decision that Tigner established neglect, but not excusable neglect. Upon review, we agree with the trial court.

{¶ 27} In her motion for relief from judgment, Tigner argued that excusable neglect on her part should have satisfied the first prong of the *GTE* test. Specifically, Tigner stated that she was "a victim of circumstance and her inexperience with the law." Tigner also argues on appeal that she did not disregard the judicial system, because she filed a timely notice of appeal with this Court after the default judgment was entered. However, the fact remains that Tigner did not file an answer to National's complaint, nor did she otherwise make an appearance in the action prior to the filing of the motion for default judgment. Additionally, Tigner did not respond to National's motion for default judgment.

{¶ 28} In *Rayess v. McNamee*, 2d Dist. Montgomery No. 26543, 2015-Ohio-3163,

we recently stated the following:

> A majority of cases addressing this type of claim [seeking relief from judgment] with regard to pro se litigants "conclude that lack of counsel and ignorance of the legal system [do] not constitute 'excusable neglect.' " *Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 12.   This is because "pro se litigants are presumed to have knowledge of the law and legal procedures and they are held to the same standard as litigants who are represented by counsel." *Id.*, citations omitted. "Courts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system." *Id.*, citation omitted. "Acting pro se * * * is neither excusable neglect nor any other reason justifying relief from judgment.   A party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel.   If the fact that a party chose not to be represented by counsel and was unsuccessful in pursuing his rights entitled that party to relief from judgment, every judgment adverse to a pro se litigant could be vacated to permit a second attempt." *Ragan v. Akron Police Dept.*, 9th Dist. [Summit] No. 16200, 1994 WL 18641, * 3 (Jan. 19, 1994).

*Id.* at ¶ 13.

**{¶ 29}** Despite the fact that Tigner proceeded without counsel, she is charged with knowledge of the law and legal procedure. *Id.* at ¶ 14.   Tigner's failure to file an answer or to make an appearance in the action because of her alleged inexperience with the legal system did not constitute excusable neglect entitling her to relief from the trial court's

grant of default judgment to National.

{¶ 30} Additionally, we note that Tigner alleges on appeal that she contacted counsel for National "at least three times" prior to the filing of the motion for default judgment and indicated that she intended to defend herself, thereby making an appearance for the purpose of Civ.R. 55(A). However, Tigner did not raise this argument in her motion for relief from judgment that she submitted to the trial court, but only raises it for the first time on appeal. It is well settled that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed. *Birch v. Castrucci*, 2d Dist. Montgomery No. 14065, 1995 WL 461290, *5 (March 2, 1994). "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." *Mark v. Mellott Mfg. Co., Inc.*, 106 Ohio App.3d 571, 589, 666 N.E.2d 631 (4th Dist.1995). Since Tigner did not raise this issue in her motion for relief from judgment, she has waived the argument for the purposes of the instant appeal.

{¶ 31} As previously stated, failure to establish any of the three prongs outlined in *GTE* is fatal. *Strack*, 70 Ohio St.3d at 174, 637 N.E.2d 914. Because Tigner failed to establish excusable neglect, we are not required to consider whether she possessed a meritorious defense to National's complaint demanding repayment of the student loan.

{¶ 32} Tigner's second and final assignment of error is overruled.

{¶ 33} Both of Tigner's assignments having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Eric Wasserman
Evana Carolyn Delon
Jonathan F. Hung
Daniel Pisani
Hon. Mary Katherine Huffman