[Cite as *In re L.B.G.*, 2012-Ohio-1061.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97375

# IN RE: L.B.G.
# A Minor Child

[Appeal By A.T., Mother]

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU-10124433

**BEFORE:** Celebrezze, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEY FOR APPELLANT**

Mark S. O'Brien
Heights Medical Center Building
2460 Fairmount Boulevard
Suite 301B
Cleveland Heights, Ohio   44106


**ATTORNEYS FOR APPELLEE**

Cassandra Collier-Williams
Sarah F. Cofta
Anthony T. Parker
Law Offices of Cassandra Collier-Williams
P.O. Box 94062
Cleveland, Ohio   44101

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} A.T. ("mother" or "appellant") appeals from the September 1, 2011 judgment of the common pleas court, Juvenile Division, denying her motion for relief from judgment. After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶2} This case arises from the allocation of parental rights and responsibilities with respect to the child, L.B.G. (d.o.b. 7/25/2004), born to appellant and L.G. ("father" or "appellee"). On December 30, 2010, father filed an application to determine custody. On January 26, 2011, the trial court ordered the parties to participate in mediation to resolve their differences with respect to custody and visitation. At the mediation session, the parties entered into a Shared Parenting Agreement, dated February 9, 2011. On February 14, 2011, the trial court adopted the Shared Parenting Agreement.

{¶3} On March 23, 2011, mother filed a motion for relief from judgment pursuant to Civ.R. 60(B), arguing that the trial court's Shared Parenting Order should be vacated because the Shared Parenting Agreement was procured through the exertion of undue influence on her by the mediator.

{¶4} In support of her claim of undue influence, mother attached an affidavit to her Civ.R. 60(B) motion, alleging that: (i) she told the mediator that she had retained counsel, (ii) that her attorney had instructed her not to sign anything at the mediation session

without first discussing the matter with him, (iii) that the mediator had encouraged her to sign the Shared Parenting Agreement, (iv) that the mediator did not disclose the true legal effect of the Shared Parenting Agreement, and (v) that she would not have signed the Shared Parenting Agreement if she had known that she would be giving up certain legal rights by doing so.

{¶5} On September 1, 2011, the trial court summarily denied mother's motion, stating:

> This court finds that it has before it the mother's Motion for Relief from Judgment and for Custody Hearing and the father's brief in opposition. The court finds the father's arguments to be well taken. The mother's Motion is denied. The shared Parenting Agreement entered into by the parties on February 9, 2011, remains the Order of this Court.

The trial court's order was journalized on September 6, 2011.

{¶6} Appellant raises two assignments of error for review.

**Law and Analysis**

**I. Motion for Relief from Judgment**

{¶7} In her first assignment of error, appellant argues that "the trial court abused its discretion by denying [her] motion for relief from judgment and for custody hearing."

{¶8} Civ.R. 60(B) states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} An order denying a motion for relief from judgment will not be reversed absent an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Failure to satisfy any one of the three prongs of the *GTE* decision is fatal to a motion for relief from judgment. *Rose Chevrolet, Inc.* at 20.

{¶10} In demonstrating the three factors under a Civ.R. 60(B) motion, the movant must allege operative facts with enough specificity to allow the court to decide whether the movant is entitled to relief. *In Re A.H.*, 8th Dist. No. 85132, 2005-Ohio-1307, 2005 WL 678106, ¶ 7, citing *BN1 Telecommunications, Inc. v. Cybernet Communications, Inc.*, 118 Ohio App.3d 851, 694 N.E.2d 148 (8th Dist.1997). Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief. *French v. Taylor*, 4th Dist. No.

01CA15, 2002-Ohio-114, 2002 WL 10544; *see also Your Fin. Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 607, 704 N.E.2d 1265 (10th Dist.1997).

**{¶11}** In the instant matter, appellant fails to demonstrate operative facts sufficient to establish that she has a meritorious defense or claim. She contends that the trial court's February 14, 2011 journal entry should be vacated because the Shared Parenting Agreement was procured through the exertion of undue influence on her by the mediator.

**{¶12}** Ohio law defines "undue influence" as "[a]ny improper or wrongful constraint, machination, or urgency of persuasion whereby the will of a person is overpowered and he is induced to do or forbear an act which he would not do or would do if left to act freely." *Marich v. Knox Cty. Dept. of Human Servs.*, 45 Ohio St.3d 163, 543 N.E.2d 776 (1989).

**{¶13}** Here, appellant's motion for relief from judgment and attached affidavit failed to set forth sufficient facts that, if proven true, would indicate that she did not sign the agreement voluntarily. The allegations made in appellant's affidavit do not establish how the mediator acted improperly or how the mediator's recommendation to enter into the Shared Parenting Agreement overpowered appellant's own free will. Despite appellant's bare allegations, the record reflects that the mediator reviewed the Shared Parenting Agreement with both parties, and appellant voluntarily signed the Shared Parenting Agreement, which clearly laid out the parties' legal rights and responsibilities. Moreover, the Shared Parenting Agreement explicitly states on its face that "the parties

understand this agreement will be submitted to a judge for approval and will become part of a court ordered custody agreement."

**{¶14}** Because appellant has failed to satisfy the first prong of the *GTE* test, we are unable to conclude that the trial court abused its discretion in denying appellant's motion for relief from judgment.

**{¶15}** Appellant's first assignment of error is overruled.

## II. Failure to Hold Hearing

**{¶16}** In her second assignment of error, appellant argues that "the trial court abused its discretion by not holding a hearing on [her] motion for relief from judgment and for custody hearing before denying the same."

**{¶17}** A party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. Instead, the movant bears the burden to demonstrate that he or she is entitled to a hearing on the motion. To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996).

**{¶18}** As we discussed under appellant's first assignment of error, she has failed to allege operative facts sufficient to establish that she has a meritorious defense or claim. Specifically, appellant failed to demonstrate that she entered the Shared Parenting Agreement based on the mediator's exercise of undue influence. Consequently, the trial court was not required to hold a hearing.

**{¶19}** Appellant's second assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR