[Cite as *Syed v. Poulos*, 2013-Ohio-5739.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99884**

## KASHIF SYED

PLAINTIFF-APPELLANT

vs.

## JOHN D. POULOS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-793455

**BEFORE:** McCormack, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 26, 2013

**ATTORNEY FOR APPELLANT**

Saeid B. Amini
730 24th Street, NW
Suite One
Washington, D.C.   20037


**ATTORNEYS FOR APPELLEES**

**For John D. Poulos**

Andrew R. Kasle
526 Superior Avenue, East
Suite 833
Cleveland, OH 44114

**For 4741 LLC, et al.**

Sean Burke
Brian J. Greene
Shapero & Green L.L.C.
25101 Chagrin Boulevard
Suite 220
Beachwood, OH 44122

TIM McCORMACK, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Kasif Syed ("Syed"), appeals the trial court's decision denying his motion to vacate the order of February 15, 2013, dismissing defendant-appellee 4741 LLC. For the reasons that follow, we affirm.

**Procedural History and Substantive Facts**

{¶2} On October 12, 2012, Syed filed a complaint against John D. Poulos ("Poulos"), 4741 LLC, and Sukhawant Singh ("Singh"), alleging civil conspiracy and collusion against all parties and tortious interference with business relations against Poulos. In his complaint, Syed claimed that Poulos, Singh, and 4741 LLC attempted to defraud him of his business interests in a convenience store he once operated with Singh under the name of Deli Mart. Syed alleged that Poulos, Singh, and 4741 LLC intentionally conspired to push Syed out of the business so that they could start a new convenience store under the name of City Mart, without Syed's involvement.

{¶3} 4741 LLC filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, claiming that there were no affirmative claims being asserted against 4741 LLC based upon the plain language of the complaint. Syed failed to respond to the motion to dismiss. On February 15, 2013, the trial court granted 4741 LLC's motion to dismiss, stating that the motion is "unopposed and granted * * *. All claims against John D. Poulos and Sukhawant Singh remain pending."

{¶4} Thereafter, Syed sought and obtained leave to amend his complaint following information newly acquired through the discovery process. Syed claimed that,

following the filing of his complaint, he learned that the current owner of City Mart is Devinder Kaur Attwal ("Attwal"). He claimed that Attwal, along with Satpal Jaur Randhawa ("Randhawa"), Nishkan One, Inc., and the originally named defendants, acted in concert to deprive him of his business interests in the convenience store.

{¶5} On March 8, 2013, Syed filed his amended complaint. The amended complaint named three additional defendants: Randhawa, Attwal, and Nishkan One, Inc. The amended complaint also included additional allegations against 4741 LLC. Syed filed a motion to vacate the court's order of February 15, 2013, and reinstate 4741 LLC as a defendant. On May 13, 2013, the trial court denied Syed's motion to vacate its order dismissing 4741 LLC.

### Assignment of Error

The trial court erred in overruling appellant's motion to vacate the default judgment entry of February 15, 2013, dismissing defendant 4741 LLC with prejudice, for appellant's failure to "oppose" the motion when appellant never received a copy of the motion.

### Law and Analysis

{¶6} Syed claims that he never received a copy of 4741 LLC's motion to dismiss; he became aware of the motion after it was granted; and the parties were actively engaged in discovery.[1] He argues, therefore, that the trial court erred when it denied his motion to vacate its order dismissing 4741 LLC.

---

[1] In his motion to vacate, Syed's counsel claims that he did not recall receiving a copy of 4741 LLC's motion to dismiss when it was filed and learned of it only upon receiving the trial court's order granting the motion. He states that he was unable to immediately file the motion to vacate for

{¶7} This court reviews Civ.R. 60(B) motions under an abuse of discretion standard. *Render v. Belle*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344, ¶ 8, citing *Associated Estates Corp. v. Fellows*, 11 Ohio App.3d 112, 463 N.E.2d 417 (8th Dist.1983). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In reviewing for an abuse of discretion, this court does not substitute its judgment for that of the trial court. *In re Jane Doe I*, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1990), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶8} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Failure to prove any of the three elements is fatal to the motion, as the elements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151. As a general rule, where the moving party has a meritorious

---

personal reasons. 4741 LLC's counsel argues that opposing counsel did, in fact, have knowledge of the motion to dismiss the day before the trial court granted the motion and provides a copy of an email from Syed's counsel that indicates counsel had knowledge of 4741 LLC's motion to dismiss on February 14, 2013.

defense and the motion is timely made, any doubt should be resolved in favor of granting the motion for relief, setting aside the judgment, and deciding the case on its merits. *Id.*

{¶9} Civ.R. 60(B) delineates various means by which a party can obtain relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B). The rule further provides that the motion "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." *Id.*

{¶10} In order to establish the three elements required for a successful motion for relief from judgment under Civ.R. 60(B), the moving party must allege operative facts with enough specificity to allow the court to decide whether he or she is entitled to relief.

*In re L.B.G.*, 8th Dist. Cuyahoga No. 97375, 2012-Ohio-1061, ¶ 10, citing *In Re A.H.*, 8th Dist. Cuyahoga No. 85132, 2005-Ohio-1307, ¶ 7. Although a moving party is not required to submit evidentiary material in support of the motion, he or she must do more than make bare allegations of entitlement to relief. *Id.*; *Kay v. Marc Glassman*, *Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996).

{¶11} In this case, Syed fails to demonstrate operative facts sufficient to establish that he has a meritorious claim. Syed alleges that he discovered additional information concerning 4741 LLC and its role in the "sham" or collusion surrounding his business and this information provided the basis for the amended complaint. Based upon this newly discovered evidence, Syed contends that he has established new allegations against 4741 LLC.

{¶12} In Count 1 of Syed's initial complaint, Syed alleged that Singh and Poulos engaged in a civil conspiracy or collusion to deprive Syed of his interest in a convenience store operated as City Mart. Count 1 contained no allegations concerning 4741 LLC. Count 2 of the complaint contained allegations of tortious interference with business relations solely against Poulos. Because Syed failed to assert any claims against 4741 LLC in its original complaint, the trial court granted 4741 LLC's motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted.

{¶13} Syed claims that his amended complaint contains new allegations concerning 4741 LLC's involvement in the conspiracy or collusion. A review of Syed's amended complaint, however, fails to set forth sufficient facts to establish that, if proven,

would show that 4741 LLC actively engaged in a conspiracy to defraud him of his business interest in the convenience store.

**{¶14}** In order to maintain a claim of civil conspiracy in Ohio, Syed must establish the following: (1) a malicious combination of two or more persons; (2) causing injury to another person or property; and (3) the existence of an unlawful act independent from the conspiracy itself. *Kenty v. TransAmerican Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995). An underlying unlawful act must be committed in order to establish an action for civil conspiracy. *Gosden v. Louis*, 116 Ohio App.3d 195, 219, 687 N.E.2d 481 (9th Dist.1996). Likewise, a claim of collusion requires an unlawful act. Collusion is "'an agreement between two or more persons to defraud a person of his or her rights by the forms of law or to obtain an object forbidden by law. It implies the existence of fraud of some kind, the employment of fraudulent means, or of lawful means for the accomplishment of an unlawful purpose.'" *Williams v. Ohio Edison*, 8th Dist. Cuyahoga No. 92840, 2009-Ohio-5702, quoting *Dutton v. Dutton*, 127 Ohio App.3d 348, 713 N.E.2d 14 (7th Dist.1998).

**{¶15}** Syed's amended complaint contains the identification of various parties and their roles in the ownership of the convenience store, including the fact that City Mart is actually owned by Attwal and not Poulos. The amended complaint, however, fails to allege with specificity an unlawful act in which 4741 LLC was engaged in furtherance of the alleged conspiracy. Rather, the complaint contains only vague and conclusory allegations that 4741 LLC, along with the other parties, "with the purpose of depriving

[Syed] of his interests in Deli Mart * * * acted in concert, conspired and colluded to deprive Plaintiff of income, expectancy and business interest in Deli [Mart] and City Mart" and "the acts described herein were committed in furtherance of their collusion" among the named parties, including 4741 LLC. Syed's "belief" that 4741 LLC, "conspired and planned to push [him] out of the picture without paying for his shares or interest in the business" fails to sufficiently demonstrate that he has stated a meritorious claim against 4741 LLC.

{¶16} In light of the above, we find that Syed has failed to satisfy the first prong of the *GTE* test. We are therefore unable to conclude that the trial court abused its discretion in denying Syed's motion for relief from judgment.

{¶17} Syed's sole assignment of error is overruled.

{¶18} Judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR