[Cite as *WBL SPO I, L.L.C. v. D-V.I.P. Properties & Mgt. Group, L.L.C.*, 2024-Ohio-3300.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WBL SPO I, LLC,                          :

    Plaintiff-Appellee,          :              No. 113305

    v.                                    :

D-V.I.P. Properties & Management          :
Group, LLC,

                                         :

    Defendant-Appellant.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931643

---

### *Appearances:*

Reisenfeld & Associates LLC and Brian E. Chapman, *for appellee.*

Jazmine R. Greer, *for appellants.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} In this foreclosure action, defendants-appellants, D-V.I.P. Properties & Management Group, LLC ("D-V.I.P.") and Andre Williams (collectively, "defendants" or "appellants"), appeal the trial court's denial of their motion for relief from judgment pursuant to Civ.R. 60(B). Appellants contend that the trial court

abused its discretion in denying their motion because Williams' signature on the mortgage was a "forgery" and the trial court "disregarded" the "forgery" and "misclassified" it as an "error."

{¶ 2} For the reasons that follow, we affirm.

**Procedural and Factual Background**

{¶ 3} In January 2019, D-V.I.P. executed a "business promissory note and security agreement" payable to "Axos Bank, its successors and/or assigns" in the amount of $25,000 (the "note"). The note was secured by a mortgage (the "mortgage") on real property located at 14755 Euclid Avenue, Cleveland, Ohio (the "property"). Williams personally guaranteed repayment of the note. D-V.I.P. defaulted on the note, and on April 2, 2020, plaintiff-appellee WBL SPO I, LLC ("WBL"), the then-holder of the note and mortgage, filed a foreclosure complaint naming D-V.I.P., Williams and others with a potential interest in the property as defendants. WBL filed an amended complaint on November 30, 2020.

{¶ 4} The amended complaint sought the balance of $21,264.91 due on the note (plus "interest at the rate of 0.24477 percent per day from January 3, 2019, . . . late fees, prepayment penalty if applicable, title charges, court costs, and expenses for the preservation and maintenance of the real estate") and an order of foreclosure on the property. Attached to the amended complaint were various documents, including copies of the note, allonges assigning the note (first to Word Business

Lenders, LLC and then to WBL) (the "allonges"), portions of Williams' guaranty,[1] the mortgage, assignments of the mortgage and two preliminary judicial reports.

{¶ 5} On November 2, 2021, WBL filed a motion for default judgment. A month later, the magistrate held a hearing on the motion. Counsel for appellants appeared at the hearing. The magistrate granted appellants leave to file an answer to the amended complaint. On January 21, 2022, appellants filed an answer in which they admitted that D-V.I.P. executed the note. Appellants denied the remaining allegations of the amended complaint and asserted various affirmative defenses, including failure to state a claim upon which relief could be granted, failure to join necessary and indispensable parties, improper service of process and failure to mitigate damages.

{¶ 6} On July 19, 2022, WBL filed a motion for summary judgment with respect to its claims against appellants and a renewed motion for default judgment as to the nonanswering defendants. In its motion for summary judgment, WBL asserted that there were no genuine issues of material fact and that, based on the undisputed facts, including (1) D-V.I.P. had executed the note and mortgage, (2) D-V.I.P. was in default of payment of the note, (3) WBL had standing as the current holder of the note and mortgage and a legal right, under the terms of the note, to accelerate repayment and recover the balance due on the note and (4) D-V.I.P. had not cured the default, it was entitled to judgment in its favor against appellants and

---

[1] At least one page of the guaranty is missing from the copy of the guaranty attached to the amended complaint.

a decree of foreclosure as a matter of law. In support of its motion, WBL submitted an affidavit from a representative of its loan servicer (1) detailing the history of the note and mortgage, D-V.I.P.'s default, WBL's demand for payment of the note and D-V.I.P's failure to cure the default and (2) identifying the balance due on the note as $21,264,91, plus interest of $58,265.43 at the rate of 0.24477 percent per day from January 3, 2019 and unspecified sums for "late fees, prepayment penalty if applicable, escrow advances, court costs, and other expenses." The affidavit also authenticated copies of various documents attached to the affidavit, including the note and alonges; portions of Williams' guaranty; the mortgage; the assignments of mortgage; a letter to D-V.I.P., dated May 8, 2019, notifying D-V.I.P. that WBL had declared an event of default under the note and demanding payment in full of all outstanding obligations; a letter to Williams, dated May 8, 2019, demanding payment, pursuant to his guaranty, of D-V.I.P.'s outstanding obligations following its default; and a "payment history" and account summary for D-V.I.P.'s account, identifying a total "payoff" amount of $93,565.64 as of April 26, 2022. At appellants' request, the magistrate granted appellants an extension of time to respond to WBL's motion for summary judgment; however, appellants never filed an opposition to the motion.

{¶ 7} On December 2, 2022, the magistrate issued a decision granting WBL's renewed motion for default judgment against the defaulting defendants and motion for summary judgment against appellants. Appellants did not file objections to the magistrate's decision.

{¶ 8} On December 20, 2022, the trial court adopted the magistrate's decision, entered default judgment in favor of WBL against the nonanswering defendants, entered summary judgment in favor WBL against appellants in the amount of $21,264.91 plus interest at the rate of 0.24477 percent per day from January 3, 2019 and ordered that the property be foreclosed and sold. On March 2, 2023, an order of sale was issued to the Cuyahoga County sheriff.

{¶ 9} On March 10, 2023, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B), supported by an affidavit from Williams. In his affidavit, Williams averred that he "manages several real estate companies in Ohio, Michigan, Illinois, and other states," including D-V.I.P., and he "could not be sure if WBO [sic] was a lender [D-V.I.P.] had done business with until [he] located the documents for the lender [he] had mistaken for WBO [sic]." He asserted that after he located a "loan document associated with WG Capital" — i.e., a secured merchant agreement between WG Capital and D-V.I.P. dated October 16, 2019 (the "WG Capital document") — that document "cleared up [his] mistake" and confirmed that "WBO was certainly not a lender that [D-V.I.P.] had done business with." He stated that he provided that document to his attorney on March 2, 2023, leading to the filing of appellants' motion for relief from judgment. Williams denied signing the documents WBL submitted with its amended complaint and motion for summary judgment and asserted that "[t]he foreclosure against the property owned by [D-V.I.P.] [was] a fallacy and fraud" against the trial court. In addition to Williams' affidavit, appellants attached copies to their motion of what appear to be the front

of Williams' driver's license, the WG Capital document, a copy of the signature page for the mortgage on the property at issue and an account summary/payment history for Klassic Karpet Commercial Inc. ("Klassic Karpet") (the "Klassic Karpet document"). These additional documents were not properly authenticated and appellants did not identify the source of the WG Capital document or the Klassic Karpet document.

{¶ 10} In their motion, appellants argued that they were entitled to relief from judgment under Civ.R. 60(B)(1) because Williams had made a "good faith mistake" in confusing WBL (with whom he claimed D-V.I.P. had never done business) with WG Capital (with whom D-V.I.P. had done business) and did not locate "documents that supported his mistake" until March 2023. Appellants argued that they were entitled to relief from judgment under Civ.R. 60(B)(3) and (5) because (1) WBL had "misrepresented" to the court that Williams had signed the note and mortgage, when, in fact, "Andre*w* I. Williams" — not "Andre I. Williams" — had signed the mortgage[2] and (2) the "accounting presented by Plaintiff" to the trial court contained "misrepresentations," i.e., it identified Klassic Karpet as the borrower (not D-V.I.P.) and listed transactions beginning on August 9, 2018 when the note at issue was executed on January 4, 2019. Appellants claimed that they had a meritorious defense because (1) Williams did not sign the note and mortgage, (2)

[2] While the note and guaranty contained electronic signatures, i.e., they were "docusigned" by Andre I. Williams, the mortgage acknowledgment contained a physical, handwritten signature. The handwritten, printed name under the "wet signature" on the mortgage acknowledgment identified the signer, who signed on behalf of owner, D-V.I.P., as "Andrew I. Williams," "manager."

D-V.I.P. "did not do business with WBO [sic]" and (3) the "accounting used by Plaintiff" was "clearly erroneous."

{¶ 11} WBL opposed the motion. In its opposition, WBL asserted that a Civ.R. 60(B) motion is not a substitute for an appeal and that appellants had had "ample opportunity" to correct any alleged "mistake" or to assert any claim of fraud or forgery in note or mortgage by raising such a defense in their answer, by filing an opposition to WBL's summary judgment motion or by filing objections to the magistrate's decision granting summary judgment in favor of WBL, but failed to do so.

{¶ 12} On April 10, 2023, the magistrate issued his decision denying appellants' motion for relief from judgment, finding that appellants' arguments for relief under Civ.R. 60(B)(1), (3) and (5) were "not well-taken" and that appellants had not met their burden to show they had a meritorious defense.

{¶ 13} With respect to appellants' claim of "mistake" regarding to "the identity of the lender" (the basis for appellants' claim for relief under Civ.R. 60(B)(1)), the magistrate observed that appellants had "admitted in their Answer that they executed the Promissory Note between D-V.I.P. Properties and Axos Bank" and concluded that they "cannot now argue that they were mistaken as to the entity that initiated this foreclosure." The magistrate further observed that although appellants claimed that they had found "the exact document to clear up the confusion" regarding the identity of the lender, i.e., the WG Capital document, they "provide[d] no information whatsoever regarding how this document relates to the

subject property or this lawsuit," they "failed to demonstrate why this 'exact document' could not have been discovered in the exercise of due diligence before summary judgment was granted" and they "in no way challenge[d] the Plaintiff's right to foreclose on the property in this case."

{¶ 14} With respect to appellants' claims of "misrepresentations," "fraud" or "forgery" (the basis for appellants' claim for relief under Civ.R. 60(B)(3) and (5)), the magistrate concluded that the fact that the mortgage acknowledgment had the name "Andrew I. Williams" printed under the signature (rather than "Andre I. Williams" as set forth in the electronic documents) did not affect the validity of the mortgage. Quoting *Dodd v. Bartholomew*, 44 Ohio St. 171 (1886), the magistrate stated: "Where an error occurs in the name of a party to a written instrument, apparent upon its face, and from its contents, susceptible of correction, so as to identify the party with certainty, such error does not affect the validity of the instrument." Once again, the magistrate observed that appellants had admitted in their answer that D-V.I.P. had signed the note at issue and did not then raise any issues with the mortgage acknowledgment and did not oppose appellants' motion for summary judgment.

{¶ 15} With respect to appellants' claim of "misrepresentations" in WBL's "accounting," the magistrate indicated that the "accounting" about which appellants complained was an "accounting" *appellants* had submitted with their motion for relief from judgment (which had a different company name, different loan amount and different effective date from the loan at issue) and was not the "accounting"

WBL submitted with its motion for summary judgment (which listed D-V.I.P. as the borrower, referenced the "appropriate loan amount" and identified the correct date of the loan). The magistrate stated: "The Court cannot fathom a guess as to where this Accounting submitted by Defendants came from or what case it relates to," noting that appellants "did not provide that information in their brief" and that the "accounting" was not mentioned in Williams' affidavit. Appellants did not file timely objections to the magistrate's decision.

{¶ 16} Three months later, on July 17, 2023 — the date the property was sold at public auction to WBL — appellants filed a motion for leave to file objections to the magistrate's decision. The trial court denied the motion, noting that the motion for leave did not contain any explanation as to why appellants did not timely file their objections. On October 17, 2023, the trial court adopted the magistrate's decision.

{¶ 17} D-V.I.P. and Williams appealed, raising the following two assignments of error for review:

> First Assignment of Error: The trial court erred when it denied Defendant's Motion for Relief from Judgment pursuant to Civ.R. 60(B). The trial court's decision should be reviewed as an abuse of discretion.

> Second Assignment of Error: The trial court erred when it found that the written signature of Andrew I. Williams was an error rather than a forgery when the evidence showed that the typed version of the name versus the written version of the name were different, not erroneous, but a forgery. The trial court's decision should be reviewed as an abuse of discretion.

**Law and Analysis**

{¶ 18} Civ.R. 60(B) states, in relevant part, that "[o]n motion and upon such terms as are just," a trial court "may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons":

> (1) mistake, inadvertence, surprise or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; . . . or (5) any other reason justifying relief from the judgment.

{¶ 19} Civ.R. 60(B) "'strikes a balance between the finality of judgments and a perfect result "by vesting the courts with broad, but not unlimited authority to set aside judgments."'" *Rodeno v. Mezenski*, 2022-Ohio-1176, ¶ 17 (8th Dist.), quoting *Ouellette v. Ouellette*, 2020-Ohio-705, ¶ 10 (6th Dist.), quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 145 (1986). It is "a remedial rule to be liberally construed so that the ends of justice may be served." *Kay v. Marc Glassman*, 76 Ohio St.3d 18, 20 (1996).

{¶ 20} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5) and (3) the motion is made within a reasonable time. *Internatl. Total Servs. v. Estate of Nichols*, 2019-Ohio-4572, ¶ 7 (8th Dist.), citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A party seeking relief under Civ.R. 60(B) is required to allege "operative facts" that support the claim with sufficient specificity that the trial court can decide whether the moving party is entitled to

relief. *Syed v. Poulos*, 2013-Ohio-5739, ¶ 10 (8th Dist.). "'Broad, conclusory statements'" do not satisfy this requirement. *Rodeno* at ¶ 35, quoting *Natl. Collegiate Student Loan Trust 2007-2 v. Tigner*, 2018-Ohio-4442, ¶ 22 (2d Dist.).

{¶ 21} Although, ordinarily, we review a trial court's ruling on a Civ.R. 60(B) motion for abuse of discretion, *see, e.g., Internatl. Total Servs.* at ¶ 6, citing *Bank of N.Y. v. Elliot*, 2012-Ohio-5285, ¶ 25 (8th Dist.), where, as here, a party fails to file timely objections to a magistrate's decision, we review only for plain error.

{¶ 22} In matters referred to a magistrate, Civ.R. 53(D)(3)(b) imposes an affirmative duty on parties to submit timely, specific, written objections, identifying any error of fact or law in the magistrate's decision. *See, e.g., Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 11 (8th Dist.). Civ.R. 53(D)(3)(b)(iv) states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Thus, when a party fails to timely object to a magistrate's decision in accordance with Civ.R. 53(D)(3)(b), it generally forfeits the right to assign those issues as errors on appeal. *U.S. Bank, N.A. v. Matthews*, 2017-Ohio-4075, ¶ 14 (8th Dist.); *see also Lundeen* at ¶ 11 ("Simply put, 'one cannot object to an error on appeal that was not raised to the trial court who adopted a magistrate's decision.'"), quoting *Naple v. Bednarik*, 2012-Ohio-5881, ¶ 34 (7th Dist.). This rule is "'based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.'" *Barnett v. Barnett*, 2008-Ohio-3415, ¶ 16

(4th Dist.), quoting *Cunningham v. Cunningham*, 2002-Ohio-4094, ¶ 8 (4th Dist.). A notice to this effect, as required by Civ.R. 53(D)(3)(a)(iii), was included in boldface type on the copy of the magistrate's decision sent to appellants.

{¶ 23} Because appellants did not file timely objections to the magistrate's decision, they have forfeited appellate review of all but plain error as to the issues raised in this appeal. Civ.R. 53(D)(3)(b)(iv).

{¶ 24} "'Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are prejudicial to the appellant.'" *Lundeen* at ¶ 12, quoting *Macintosh Farms Community Assn., Inc. v. Baker*, 2015-Ohio-5263, ¶ 8 (8th Dist.). When applying the plain-error doctrine in the civil context, reviewing courts "must proceed with the utmost caution." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). The doctrine is limited to those "extremely rare cases" in which "exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings." *Id.* Plain error should be applied only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at 122-123; *see also Ohio Power Co. v. Burns*, 2022-Ohio-4713, ¶ 40.

{¶ 25} Appellants have not even argued — much less demonstrated — plain error in this case. This court need not analyze plain error when an appellant has failed to make a plain-error argument. *See, e.g., Alcorso v. Correll*, 2021-Ohio-3351,

¶ 34 (8th Dist.) ("As a general matter, this court will not sua sponte craft a plain error argument for an appellant who fails to do so."); *O'Donnell v. N.E. Ohio Neighborhood Health Servs.*, 2020-Ohio-1609, ¶ 87 (8th Dist.) ("We need not, sua sponte, consider a claim of plain error that the appellant has not argued on appeal."); *Coleman v. Coleman*, 2015-Ohio-2500, ¶ 9 (9th Dist.) (declining to sua sponte "fashion" a plain error argument "and then address it"). Even if we were to consider the issue, we would find no plain error on the record here.

{¶ 26} Appellants sought relief under Civ.R. 60(B)(1) "for a mistake in the identity of the lender" and under Civ.R. 60(B)(3) and (5) for forgery or "misrepresentations in the mortgage" and "misrepresentations" in the "accounting" appellants submitted to the trial court. The entirety of appellants' argument in support of their two assignments of error fills only one and one-third pages of their appellate brief.[3]

{¶ 27} Appellants admitted in their answer that D-V.I.P. signed the note at issue, i.e., a promissory note in favor of WBL's predecessor-in-interest, Axos Bank.

---

[3] Although appellants reference the alleged "misrepresentations" in the "accounting submitted by Plaintiff" in their "statement of the facts," they do not specifically address that issue in their argument. For that reason alone, we could disregard appellants' assignments of error to the extent they relate to the trial court's failure to grant its motion for relief from judgment based on alleged misrepresentations in the "accounting." *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."); App.R. 16(A)(7) ("The appellant shall include in its brief . . . all of the following . . . [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.").

Although copies of the note and mortgage were attached to the amended complaint and although it was clear from the face of the documents that the name "Andrew I. Williams" (rather than Andre I. Williams) was handprinted under the signature line of the mortgage acknowledgment as the signatory on behalf of D-V.I.P., appellants did not assert in their answer that any of the documents at issue were forged, that Williams did not sign them or that there were any misrepresentations or errors in the execution of any of the documents at issue that affected their validity. Likewise, although copies of the note, mortgage and account summary/payment history were submitted with WBL's motion for summary judgment, appellants did not oppose the motion based on mistake, fraud, misrepresentation or any other basis — even after seeking and obtaining an extension of time in which to do so. Appellants did not file objections to the magistrate's decision granting WBL's motion for summary judgment and did not appeal the trial court's judgment granting summary judgment in favor of WBL and ordering foreclosure of the property.

{¶ 28} Although Williams asserted in his affidavit in support of appellants' motion for relief from judgment that once he "became aware of [the] foreclosure," he "began to question the validity of the lender and the foreclosure," he offered no explanation as to why it took him more than two years after appellants were served with the amended complaint to locate documents and determine that (1) there had allegedly been a "mistake" in the "identity of the lender" and (2) some or all of the documents at issue had allegedly been "forged."

{¶ 29} Likewise, although appellants assert that the "accounting presented by Plaintiff" to the trial court contained certain "misrepresentations," i.e., that it allegedly identified Klassic Karpet as the name of the borrower instead of D-V.I.P. and listed transactions beginning on August 9, 2018 when the note was purportedly executed on January 4, 2019, it was not WBL — but appellants — who submitted that "accounting" to the trial court. The account summary/payment history WBL submitted with its summary judgment motion properly referenced D-V.I.P. as the borrower, and the first transaction listed on that "accounting" occurred on January 8, 2019, a few days after the note was executed.

{¶ 30} Following a thorough review of the record, we cannot say that this is the "extremely rare case" where this court must apply the plain-error doctrine to avoid a "manifest miscarriage of justice." *Goldfuss*, 79 Ohio St.3d at 121. The magistrate's decision, adopted by the trial court, was thorough, well-reasoned and supported by the record. We overrule appellants' assignments of error.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR