[Cite as *Fuller v. Evergreen Title Servs., L.L.C.*, 2024-Ohio-5322.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JONATHAN FULLER, ET AL.,                    :

     Plaintiffs-Appellants,          :

                                       No. 113666

     v.                               :

EVERGREEN TITLE
SERVICES, LLC, ET AL.,                      :

     Defendants-Appellees.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** November 7, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-944318

---

### *Appearances:*

Fanger & Davidson LLC, Jeffrey J. Fanger, and Gerry Davidson, *for appellants*.

Michael P. Meehan, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiffs-appellants, Jonathan Fuller and Lee Fuller (collectively "the Fullers"), appeal an order granting a motion for relief from judgment filed by defendant-appellee, Michael P. Meehan ("Meehan"), pro se. Appellants claim the following errors:

1. The trial court's decision granting a motion for relief from judgment pursuant to Civ.R. 60(B) was an abuse of discretion.

2. The trial court's decision granting a motion for relief from judgment pursuant to Civ.R. 60(B) is against the manifest weight of the evidence.

3. The trial court's decision granting a motion for relief from judgment pursuant to Civ.R. 60(B) did not properly apply the GTE test and as such was an abuse of discretion and/or a failure to properly apply the law.

4. Defendant Meehan failed to meet his burden under Civ.R. 60(B) and therefore the trial court abused its discretion in granting the motion for relief.

5. The trial court's decision granting a motion for relief from judgment pursuant to Civ.R. 60(B) was precluded by res judicata and therefore was an abuse of discretion and/or a failure to properly apply the law.

{¶ 2} We find that the trial court abused its discretion in granting relief from judgment under Civ.R. 60(B) and reverse the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In February 2021, the Fullers filed a complaint against Meehan and defendants Evergreen Title Services, L.L.C. ("Evergreen Title Services"), Evergreen Title Agency Ltd., Heidi Meehan ("Heidi"), Cynthia Gordon ("Gordon"), and WFG National Title Insurance Company ("WFG"). The complaint alleged that Meehan and Heidi were title agents and escrow agents and that while Heidi was an employee of Evergreen, Meehan was an "organizer" of Evergreen. (Complaint ¶ 4.) Gordon was an escrow manager and an employee of Evergreen, and WFG allegedly underwrote Evergreen's escrow funds.

{¶ 4} In January 2014, the Fullers purchased real property in South Euclid, Ohio and a deed for the property was recorded in February 2014. As part of the purchase, Lee Fuller contracted with Evergreen to establish an escrow account pending the correction of certain housing code violations on the property. Gordon notified the South Euclid Housing Department that Evergreen Title Services was holding funds in escrow for repairs on the property and that it would release the funds upon receipt of a contractor's invoice.

{¶ 5} Meanwhile, Lee Fuller executed a notarized statement assuming the housing code violations. Shortly thereafter, an official from the South Euclid Housing Department notified Gordon by mail that Lee Fuller had filed the necessary paperwork to assume the existing violations on the property, that the Fullers had completed the necessary repairs, and that the escrow funds could now be transferred to the Fullers. According to the complaint, the Fullers repeatedly requested that Evergreen Title Services release the funds held in escrow, but the defendants failed to release the funds. As a result, the Fullers filed their complaint asserting claims for breach of contract, fraud, breach of fiduciary duty, unjust enrichment, and punitive damages. They alleged damages in the amount of $7,830.

{¶ 6} After each of the defendants answered the complaint, the Fullers voluntarily dismissed Gordon and Evergreen Title Ltd. without prejudice and dismissed WFG with prejudice. When Heidi obtained summary judgment in her favor, Meehan and Evergreen were left as the only remaining defendants.

{¶ 7} Meehan registered with the Cuyahoga County Clerk of Courts to use the court's e-filing system and provided the court with his email address for communications purposes when he filed his answer on April 21, 2021. Throughout the pendency of the case, the court sent notices to that email address and, on February 8, 2023, the trial court notified the parties that the case was scheduled for trial on February 21, 2023. On February 9, 2023, the court issued another notice indicating that trial briefs, jury instructions, witness lists, and exhibit lists were due to be filed by February 14, 2023.

{¶ 8} The case was called for trial as scheduled on February 21, 2023, and Meehan failed to appear. The court's judgment entry of that date states, in relevant part:

> Case called for trial at 10:00 a.m. Counsel for plaintiffs and plaintiffs appeared. Defendant Michael Meehan did not appear at the Justice Center either at Courtroom 17-C or 18-B. Defendant did not appear at the old courthouse at Courtroom 2A as instructed by the court via email on 2/17/2023. Defendant was sent all notices of court filings and journal entries to the email address he provided to the court.
>
> Ex parte trial held.
>
> Based on the evidence provided, plaintiff has proven damages in the amount of $7,830.00. The court awards punitive damages of treble the plaintiff's damages and attorneys fees.
>
> Judgment is granted in favor of plaintiffs Jonathan Fuller and Lee Fuller and against Michael Meehan on all claims in the amount of $23,490.00. Defendant to pay plaintiffs' attorneys fees in the amount of $27,617.00. Total judgment amount is $51,107.00. Defendant to pay post-judgment interest on the amount of $51,107.00 at the statutory rate of 5% from the date of judgment and the costs of this matter. Final.

**{¶ 9}** A judgment lien was filed on February 27, 2023, and Meehan did not file a timely appeal of the trial court's judgment. Instead, on March 21, 2023, Meehan filed a motion for new trial along with several other motions. On April 4, 2023, he filed a motion to vacate the judgment. Thereafter, he filed a series of affidavits attempting to disqualify various judges who had presided over the case, including Judge Michael Russo, Judge Brendan Sheehan, and visiting Judge Janet Burnside. The Ohio Supreme Court denied all the requests for disqualification.

**{¶ 10}** On August 18, 2023, the trial court conducted a non-oral hearing on Meehan's motion for new trial and motion to vacate the judgment entry. Thereafter, on August 29, 2023, Meehan filed a renewal of all motions as well as new motions to disqualify a magistrate who had been assigned to assist with the case and to appoint a visiting judge.

**{¶ 11}** On September 3, 2023, the trial court issued a lengthy judgment entry ruling on the pending motions. The court observed that although Meehan represented himself pro se, he was a former attorney who had appeared "in front of at least one judge on the case on multiple occasions" and that he nevertheless "failed to appear for this trial as ordered by the Court." The court also recounted the lengthy history of the case and concluded, among other things, that "[a]llowing Meehan to perpetuate his antics through a new trial would have a materially adverse effect on the confidence of the Plaintiffs in judicial proceedings." Accordingly, the trial court denied all of Meehan's motions.

{¶ 12} On October 4, 2023, Meehan filed a motion for relief from judgment pursuant to Civ.R. 60(B), seeking to have the court "vacate judgment entries dated 2/21/2023 and 9/3/2023." He argued that the judgment entries were "composed of material falsehoods" and that "many of such falsehoods and scandalous matters are copied from an unsworn statement that was submitted to the Supreme Court of Ohio by Judge Burnside in response to this Defendant's motion to disqualify her."

{¶ 13} On October 5, 2023, before the court could rule on the motion for relief from judgment, Meehan filed a notice of appeal. The appeal was summarily dismissed as untimely. Thereafter, the Fullers filed a brief in opposition to the pending motion for relief from judgment, and the case was assigned to a new judge. On January 30, 2024, a new judge granted the motion for relief from judgment, citing "discrepancies in the record." This timely appeal followed.

## II. Law and Analysis

{¶ 14} In the first and second assignments of error, the Fullers argue the trial court's decision granting the motion for relief from judgment was an abuse of discretion and was against the manifest weight of the evidence. In the third assignment of error, they argue the trial court did not properly apply the test outlined in *GTE Automatic Elec., Inc. v. Arc Indus., Inc.*, 47 Ohio St.2d 146 (1976), when it granted relief from judgment. And, in the fourth assignment of error, the Fullers argue that Meehan failed to meet his burden under Civ.R. 60(B). We discuss these assigned errors together because they all relate to the trial court's application of the test set forth by the Ohio Supreme Court in *GTE Automatic Elec.*

{¶ 15} We review a trial court's judgment on a motion for relief from judgment for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. This court has held that an abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.). In other words, courts do not have discretion to erroneously apply the law. *Johnson* at ¶ 39 ("We take this opportunity to make it clear that courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule.").

{¶ 16} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 17} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must demonstrate (1) a meritorious defense or claim to present if relief is granted, (2) entitlement to relief under one of the grounds stated

in Civ.R. 60(B)(1) through (B)(5), and (3) the timeliness of the motion. *GTE Automatic Elec., Inc.*, 47 Ohio St.2d at 150-151. These requirements are independent and written in the conjunctive; therefore, all three must be clearly established before relief may be granted. *Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20. Furthermore, a party seeking relief under Civ.R. 60(B) is required to allege "operative facts" that support the claim or defense with sufficient specificity so that the trial court can determine whether the moving party is entitled to relief. *Syed v. Poulos*, 2013-Ohio-5739, ¶ 10 (8th Dist.). "'Broad, conclusory statements'" do not satisfy this requirement. *Rodeno* at ¶ 35, quoting *Natl. Collegiate Student Loan Trust 2007-2 v. Tigner*, 2018-Ohio-4442, ¶ 22 (2d Dist.).

{¶ 18} In his motion for relief from judgment, Meehan argues the trial court perpetrated a fraud by lying about who presided over the ex parte trial and by claiming that he did not appear in the Justice Center on the day of trial. He also raises a discovery dispute that was resolved long before the trial. He makes no argument and alleges no operative facts to support any meritorious defense to the judgment against him.

{¶ 19} Meehan attached several exhibits to his motion for relief from judgment, but the exhibits are composed of (1) Judge Burnside's response to Meehan's affidavit for disqualification filed in the Ohio Supreme Court; (2) an email to the magistrate who was assigned to the case regarding the judge who presided over the ex parte trial; (3) a transcript of a criminal proceeding that occurred before Judge Burnside on February 21, 2023, the same day as the ex parte trial in this case;

and (4) an email to the Fullers' lawyer regarding Meehan's request for surveillance videos of the Justice Center from the day of the ex parte trial. He never even denied the allegation that he wrongfully withheld the escrow funds owed to the Fullers. He, therefore, failed to allege sufficient operative facts to support a meritorious claim or defense under the first prong of the *GTE* test.

{¶ 20} The second prong of the *GTE* test requires the movant to demonstrate entitlement to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5). *GTE Automatic Elec.*, 47 Ohio St.2d at 150-151. Meehan does not argue entitlement to relief under any ground listed in Civ.R. 60(B), except for fraud. His fraud allegations were directed at multiple judges and staff, whom he claims were biased. However, the Ohio Supreme Court adjudicated these claims and determined that they lacked merit. Moreover, the trial court did not grant relief from judgment on the basis of fraud; it granted relief due to some unspecified "discrepancies in the record." We find no discrepancies in the record. To the contrary, our review of the record shows that Meehan failed to establish any ground for relief listed in Civ.R. 60(B)(1) through (5).

{¶ 21} As previously stated, the party seeking relief under Civ.R. 60(B) must establish all three requirements of the *GTE* test before relief may be granted. *Rose Chevrolet*, 36 Ohio St.3d at 20. Meehan failed to allege sufficient operative facts to support a meritorious defense under the first prong of the *GTE* test and failed to demonstrate entitlement to relief under any of the grounds listed Civ.R. 60(B) under the second prong of the *GTE* test. Therefore, the trial court abused its discretion by

granting relief from judgment without properly applying the requirements for relief in Civ.R. 60(B) as articulated in *GTE Automatic Elec.* We, therefore, sustain the first, second, third, and fourth assignments of error.

{¶ 22} Having concluded that the trial court abused its discretion in granting relief from judgment under Civ.R. 60(B), Meehan's fifth assignment of error in which he argues that Meehan's relief from judgment is barred by res judicata, is moot.

{¶ 23} The trial court's judgment is reversed.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR